JjSUSAN M. CHEHARDY, Judge.
On appeal, Janice B. Donahue, seeks review of the trial court’s grant of Iris B. Williams’ exception of prescription. For the following reasons, we affirm.

FACTS

The plaintiff, Janice B. Donahue (“Donahue”) and the defendant, Iris B. Williams (“Williams”) are sisters. On June 26, 1997, after allegedly witnessing violent and threatening acts by Donahue, Williams requested an immediate psychiatric examination of Donahue pursuant to La. R.S. 28:53.2. Based upon this request, Donahue was taken into protective custody on at 11:53 p.m. on June 26,1997 by order of the Jefferson Parish Coroner and examined at East Jefferson General Hospital in Metair-ie. After the examining psychiatrist found that Donahue did not meet the criteria for involuntary commitment, he released her at approximately 9:15 a.m. on June 27, 1997.

PROCEDURAL HISTORY

On June 22, 1999, Donahue filed suit in Civil District Court for Orleans Parish, alleging that Williams intentionally provided false information to the 1,Jefferson Parish Coroner that resulted in Donahue’s wrongful imprisonment at East Jefferson General Hospital on June 26, 1997. On September 16, 1999, Williams filed a decli-natory exception of improper venue, which was heard on November 19, 1999 and granted on December 10,1999.[1]
On February 22, 2000, after the case was transferred to the 24th Judicial District Court for Jefferson Parish, Williams filed an exception of prescription. On January 21, 2001, Donahue filed a motion for summary judgment. On March 12, 2001, *931 the trial judge heard argument on Donahue’s motion for summary judgment.
On March 14, 2001, after a hearing, the trial judge maintained Williams’ peremptory exception of prescription and dismissed Donahue’s petition. That same day, Donahue filed a motion for appeal, which the trial judge granted.[2] On March 15,2001, the trial judge ruled that Donahue’s motion for summary judgment was premature and continued it without date.
In her brief, Donahue argues that the trial court erred in ruling that the case had prescribed because her action was filed within two years of the date of injury as required by La. C.C. art. 3493.10. Williams replies that the trial court correctly maintained her exception of prescription because Donahue filed her initial complaint well outside of the one-year prescriptive period for delictual actions provided in La. C.C. art. 3492.
_JjLa. C.C. Art. 3493.10, which was added by Acts 1999, No. 832, § 1, effective August 15,1999, provides:
Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950 are subject to a liberative prescription of two years. This prescription commences to run from the day injury or damage is sustained.
La. R.S. 14:2(13) defines “crime of violence” and also enumerates criminal offenses that are considered “crimes of violence” under Louisiana law.[3]
We find that La. C.C. 3493.10 does not apply because it was not in effect at the time of Donahue’s injury or when she filed suit. Furthermore, the damage that Donahue allegedly suffered was not the result of a crime of violence perpetrated by Williams.
Here, Donahue’s initial complaint alleged that Williams’ actions caused her damage personally and professionally. Delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Thus, assuming that there was a cause of action, prescription commenced to run the day Donahue was detained. Clearly, the action which Donahue filed on June 22, 1999, was filed well outside of the one-year prescriptive period provided in La. C.C. art. 3492. Therefore, we find that the trial court correctly maintained Williams’ exception of prescription.
In her second assignment of error, Donahue claims that the trial court erred by denying her “request for a summary judgment.” In her brief, Williams notes that, on March 15, 1999, the trial judge ruled that Donahue’s motion for | [¡summary judgment was premature and continued *932 the motion without date, but the trial judge did not rule on the merits of Donahue’s motion for summary judgment that day. While it is accurate that the record reflects that the trial court has not ruled on Donahue’s motion for summary judgment, we find that the issue is moot since the cause of action has prescribed.
For the foregoing reasons, the trial court’s judgment maintaining Williams’ exception of prescription is affirmed. Donahue is to pay all costs of this appeal.

AFFIRMED.

. On or about February 23, 2000, Donahue filed a notice of appeal of the trial judge's ruling granting Williams’ exception of improper venue, which was granted. The district court record, however, was not properly lodged with the appellate court. Thus, on September 12, 2000, after finding that the trial courL correctly ruled the venue was proper in Jefferson Parish, the Fourth Circuit Court of Appeal granted Williams’ Motion to Dismiss Unlodged Appeal. Thereafter, on January 5, 2001, the supreme court refused to consider Donahue’s application for supervisory writs. According to the record, all proceedings in this matter in the 24th Judicial District Court were stayed pending the rulings from the Fourth Circuit Court of Appeal and the Louisiana Supreme Court.

. Donahue, the appellant, did not request that testimony from the district court hearings in this matter be transcribed for the appellate record.

. The list currently includes: (a) Solicitation for murder; (b) First degree murder; (c) Second degree murder; (d) Manslaughter; (e) Aggravated battery; (£) Second degree battery; (g) Aggravated assault; (h) Mingling harmful substances; (i) Aggravated rape; (j) Forcible rape; (k) Simple rape; (l) Sexual battery; (m) Aggravated sexual battery; (n) Oral sexual battery; (o) Aggravated oral sexual battery; (p) Intentional exposure to AIDS virus; (q) Aggravated kidnaping; (r) Second degree kidnaping; (s) Simple kidnaping; (t) Aggravated arson; (u) Aggravated criminal damage to property; (v) Aggravated burglary; (w) Armed robbery; (x) First degree robbery; (y) Simple robbery; (z) Purse snatching; (aa) Extortion; (bb) Assault by drive-by shooting; (cc) Aggravated crime against nature; (dd) Carjacking and (ee) Illegal use of weapons or dangerous instrumentalities.