856 So.2d 27 (2003)
Demetrice RAYMOND and Wesley Raymond, on Behalf of her Minor Daughter, Teiera Raymond
v.
ORLEANS PARISH SCHOOL BOARD.
No. 2003-CA-0560.
Court of Appeal of Louisiana, Fourth Circuit.
September 3, 2003.
*29 Jacqueline L. Savoie, Newton K. Muhammad, Muhammad & Savoie, New Orleans, LA, for Plaintiff/Appellant.
Yolanda Y. Grinstead, Donesia D. Turner, Bryan & Jupiter, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.

STATEMENT OF THE CASE
On October 13, 1999, the plaintiffs/appellants filed their petition for personal injuries and damages. In the petition, the appellants alleged that Teiera Raymond, a seventh grade student at Sophie B. Wright Middle School in New Orleans, sustained injuries to her leg on October 4, 1998 (the correct date is October 5, 1998)[1] while forced to participate in physical education class after she informed the teacher that her leg hurt.
Teiera had been limping, and when questioned by the physical education teacher as to the reason, she explained *30 that her leg was hurting. The physical education teacher allegedly required her to participate in the football activities during the class period despite her reports of pain.
While trying to run, Teiera fell and could not get up. She was taken to the school nurse's office and her grandfather was called to pick her up from school. Upon examination at the hospital later that day, the physician determined that her hip was broken and that she was unable to bear weight on the left leg. She was immediately admitted to the hospital and, that same day, had a closed reduction and percutaneous pinning of her left hip.
Upon her return to school on October 19, 1998, her mother advised school personnel that Teiera could not go upstairs because the crutches restricted her movements. The school personnel nonetheless required Teiera to go upstairs to her classes resulting in her falling as she attempted the stairs. The fall aggravated her previous hip injuries.

PROCEDURAL HISTORY
On December 7, 1999, the Orleans Parish School Board ("School Board") filed a dilatory exception for lack of procedural capacity, arguing that the parents of Teiera did not allege their capacity as appointed tutors or their marital status. On December 20, 1999, the appellants filed their motion for leave to amend and to file their amended petition to show their qualifications as Teiera's parents to bring this suit on her behalf, which the trial court granted on December 29, 1999. On January 13, 2000, the School Board filed its answer denying all allegations of negligence.
On May 21, 2002, the appellants filed their second amended petition for personal injuries and damages, including the allegations concerning the October 19, 1998 accident that occurred when Teiera returned to school following her hip surgery.
On May 22, 2002, the School Board filed its exception of prescription, arguing that a one-year prescriptive period for delictual actions for damages applied because the suit was filed more than one year after the alleged injury on October 5, 1998. On June 5, 2002, the School Board filed its answer to the second amended petition denying the additional allegations.
On August 21, 2002, the appellants filed their memorandum in opposition to the School Board's exception of prescription, arguing that Teiera's falls on October 5, 1998 and October 19, 1998 were related, and the claim did not prescribe until October 19, 1999. The appellants made several alternative arguments. First, the appellants argued that the prescriptive period was two years because the acts of the School Board rose to the level of a crime of violence against a juvenile under La. C.C. art. 3493.10 and La. R.S. 14:93. Second, the appellants argued that the prescriptive period was ten years because a contract existed between the School Board and the students to ensure their safety and the School Board breached the contract. Third, the appellants argued that the doctrine of contra non valentum should apply in this case as an exception to the general rules of prescription on the grounds that the appellants did not gain full knowledge of Teiera's medical condition until months after the October 5, 1998 fall, which resulted in surgeries in 1998 and 1999. Thus, they contended that prescription should not run until Teiera's doctors have ascertained the full extent of her injuries, a process still ongoing.
On December 6, 2002, the trial court heard the exception of prescription. On January 7, 2003, the trial court signed the judgment maintaining the exception of *31 prescription. On February 7, 2003, the appellants filed their petition and order for devolutive appeal.

ANALYSIS
The standard of review of a trial court's finding of facts supporting prescription is that the appellate court should not disturb the finding of the trial court unless it is clearly wrong. In re Medical Review Proceedings of Ivon, XXXX-XXXX, p. 5 (La.App. 4 Cir. 3/13/02), 813 So.2d 532, 536. This court should determine whether the district court judgment is clearly wrong considering all the evidence. Hoerner v. Wesley-Jensen, 95-0553, p. 7 (La. App. 4 Cir. 11/20/96), 684 So.2d 508, 518. If the face of the petition shows the prescriptive period has already elapsed, the plaintiff has the burden of establishing that suspension, interruption or renunciation of prescription has occurred. Hoerner, 684 So.2d 508, 510, 95-0553, p. 3.

One-Year Prescriptive Period for Damages Arising from Tort
The appellants argue that the trial court erred in sustaining the School Board's exception of prescription because the claim did not prescribe until October 19, 1999, one year after the second injury. We disagree.
Delictual actions generally are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Prescription begins to run when damage to the plaintiff has manifested itself with sufficient certainty to support accrual of a cause of action. La. C.C. art. 3492; Cameron Parish School Bd. v. Acands, Inc., 96-0895 (La.1/14/97), 687 So.2d 84, 88.
The original petition for damages was filed on October 13, 1999, with the date of the alleged injury as October 5, 1998. The petition was clearly prescribed on its face. On May 21, 2002, the appellants filed their second amended petition alleging Teiera was injured on October 5, 1998 and on October 19, 1998. This petition was also clearly prescribed on its face unless it could be construed as relating back to the original petition.
In order for a second amended petition to relate back, the original petition must have been timely filed. See Ford v. Murphy Oil, U.S.A., Inc., 96-2913, p. 1 (La.10/10/97), 710 So.2d 235 (pointing out that because "amended pleadings will relate back to the originally filed petition, prescription of the individual claims will not be an issue provided that the original petition was timely filed."). See also Albert Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211, 233 (1969) (discussing Louisiana jurisprudence wherein supplemental amended petitions which added new parties, new or different causes of action, and new or different relief sought, were all deemed to relate back to timely filed petitions under La. C.C.P. art. 1153).
In the instant case, because the original petition was prescribed on its face, the second amended petition cannot be considered to relate back. Therefore, the second amended petition does not save the appellants' cause of action from the one-year prescriptive period under Article 3492.

Ten-Year Prescriptive Period for Damages Arising from Contract
Appellants also argue that the prescriptive period should be ten years on the grounds that a contract existed between the School Board and Teiera to ensure her care and safety. We disagree.
La.C.C. art. 3499 delineates the prescriptive period for personal actions and *32 applies to actions on contracts. The ten-year prescriptive period, however, applies "unless otherwise provided by legislation" or only in the absence of a legislative provision that establishes a shorter or longer period. Harrison v. Gore, 27-568, 27,254, p. 7-8 (La.App. 2 Cir. 8/23/95), 660 So.2d 563, 568, citing La. C.C. art. 3499, Revision Comment (b). The court in Harrison went on to discuss the distinction between actions on contracts and actions arising from a more general duty:
The nature of the duty breached determines whether the action is in tort or in contract. Roger v. Dufrene, 613 So.2d 947 (La.1993). The classical distinction between "damages ex contractu" and "damages ex delicto" is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons. Davis v. LeBlanc, 149 So.2d 252 (La.App. 3d Cir.1963), and citations therein. Even when tortfeasor and victim are bound by a contract, courts usually apply the delictual prescription to actions that are really grounded in tort. See, e.g., Sterling v. Urban Property Co., 562 So.2d 1120 (La.App. 4th Cir. 1990) (apartment tenant was sexually harassed by her landlord's business partner; her action prescribed in one year)....
Harrison, 27-568, 27,254, p. 8, 660 So.2d 563, 568.
In the instant case, the appellants alleged that the School Board and its employees acted negligently toward Teiera when she was made to participate in physical education class after complaining of leg pain and after being made to walk on crutches upstairs to class after being notified of her limited mobility. Therefore, the alleged treatment of Teiera sounds in tort, not contract, and the ten-year prescriptive period for contracts is not applicable.

Contra Non Valentum
Also in the alternative, the appellants argue that the prescriptive period should be excused under the doctrine of contra non valentum. Courts created the doctrine of contra non valentem as an exception to the general rules of prescription. Wimberly v. Gatch, 635 So.2d 206 (La.1994). The doctrine of contra non valentem suspends prescription when the circumstances of the case fall into one of four categories: 1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; 2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting; 3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or 4) where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Wimberly, 635 So.2d 206, 211.
The appellant argues that the fourth category of contra non valentum should apply because Teiera did not gain full knowledge of her medical condition after her fall on October 5, 1998, and her doctors are still ascertaining her medical condition today. The Louisiana Supreme Court has explained that "[i]gnorance or misunderstanding of the probable extent or duration of injuries materially differs from ignorance of actionable harm which delays commencement of prescription." Fontenot v. ABC Ins. Co., 95-1707 p. 8 (La.6/7/96), 674 So.2d 960, 964. The possibility of permanent damage is enough to start the prescriptive period, even though an ultimate prognosis can only be given *33 later. Sumerall v. St. Paul Fire & Marine Ins. Co., 366 So.2d 213, 214-215 (La. App. 2d Cir.1978).
In the instant case, Teiera was allegedly injured on October 5, 1998, and she sought medical treatment that same day. When Teiera sought medical attention and submitted to surgery for her initial injury, she was on notice of possible permanent damage and the prescriptive period began to run even though her ultimate prognosis may remain uncertain. Therefore, there is no basis for application of contra non valentum in this case.

Two-Year Prescriptive Period for Damages Arising from Crime Of Violence
Finally, the appellants assert that the prescriptive period should be two years pursuant to La. C.C. art. 3493.10 because the treatment Teiera received at school amounted to cruelty to a juvenile, a crime of violence under La. R.S. 14:93.
Louisiana C.C. art. 3493.10, which was added by Acts 1999, No. 832, § 1, effective August 15, 1999, provides:
Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950 are subject to a liberative prescription of two years. This prescription commences to run from the day injury or damage is sustained.
A "crime of violence" is defined in La. R.S. 14:2(13) as follows:
"Crime of violence" means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon. The following enumerated offenses and attempts to commit any of them are included as "crimes of violence":
(a) ...
(b) ...
(nn) Second degree cruelty to juveniles

La. R.S. 14:2(13), as amended, Acts 2003, No. 637 (approved June 27, 2003) (emphasis added).[2]
As can be ascertained from the recent amendment, the legislature has only recently expanded the definition of "crime of violence" to include crimes that do not involve the intentional use of, or threatened use of, force. In addition to "second degree cruelty to juveniles," the newly amended list includes "stalking" (mm). At present, therefore, the intent of the legislature apparently was to lengthen the normal prescriptive period to encompass a few crimes outside those involving direct physical violence or the threat of force (i.e., cruelty to juveniles and stalking). The instant case, if pleadings had been timely filed, may indeed have presented a situation that was envisioned by the legislature when amending the statute.
In the instant case, Teiera was injured in 1998, before the August 1999 implementation of La. C.C. art. 3493.10. The appellants filed suit, however, in October 1999, which was subsequent to the effective date of the code article. When the original petition was filed, however, it sounded solely in tort and asserted the injury by *34 the School Board as the insistence of the physical education teacher for Teiera to participate in the class activity. The two-year prescriptive period of Article 3493.10 would apply to the instant case only if the School Board's actions were construed to rise to the level of a "crime of violence" as defined by statute or by jurisprudence and if such statute were in effect at the time of the initiation of the suit against the School Board or within the prescriptive period of that cause of action.
The above list of crimes of violence in La. R.S. 14:2(13) is illustrative only. Coates v. Day, 2000-2164, p. 2-3 (La.App. 1 Cir. 12/28/01), 804 So.2d 893, 894. The Louisiana Supreme Court has recently discussed "crime of violence" in Boland v. Kleinpeter, XXXX-XXXX, p. 6 (La.6/21/02), 820 So.2d 489, 493. In Boland, the defendant helped a friend, who confessed to killing a neighbor, hide knives stolen from victim's house. The Louisiana Supreme Court evaluated the defendant's actions and found that such did not fit the definition of a crime of violence. Similarly, in Donahue v. Williams, 01-537, p. 4 (La. App. 5 Cir. 10/17/01), 800 So.2d 929, 931, the court found that La. C.C. 3493.10 did not apply because it was not in effect at the time of Donahue's injury or when she filed suit. Furthermore, the damage that Donahue allegedly suffered, intentionally providing false information that resulted in Donahue's wrongful imprisonment in a hospital, was not the result of a crime of violence by Williams.
Neither of these cases provides the necessary guidance for the instant case, however, resulting in our conclusion that we are presented with a case of first impression under the unique circumstances herein.
Appellants reference La. R.S. 14:93 to support their argument that the School Board's actions were negligent and thus constituted a "crime of violence" as to Teiera. Louisiana R.S. 14:93 provides in pertinent part:
A. Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child. Lack of knowledge of the child's age shall not be a defense.
We find that the recent amendment of La. R.S. 14:2(13) to include subsection (nn) indicates that the legislature intended that "crimes of violence" encompass cruelty to juveniles. The express wording of La. R.S. 14:93, i.e., the "criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused" applies to the unique facts of the instant case, however, such amendment was not in effect at the time of the instant injury and the lengthened prescriptive period resulting from the finding of a crime of violence may not be applied retroactively.
We note, however, that the School Board owes a duty of care to the students who attend its schools. In the instant situation, a student was injured during a school activity because a teacher allegedly ignored the student's protests of pain and required her to participate in a high-impact physical activity that resulted in her fracturing her hip. Then, that same student was re-injured upon her return to the same school following surgery for the initial school-related injury. The requirement for the convalescing student to climb the stairs to attend classes, especially in light of the mother's alleged request for her daughter not to try to go upstairs while still on crutches, accepting the facts pleaded as true, constitutes negligence on the part of the school personnel. If all of these allegations could be proven at trial, *35 the School Board's conduct likely would rise to the level of negligent cruelty to Teiera.
Under the circumstances presented herein, we believe that the two-year prescriptive period of Article 3493.10, under different procedural circumstances, would apply because the School Board's actions appear to constitute a "crime of violence" to a juvenile. Unfortunately, however, this conclusion is merely dicta given the untimely filings in this matter.

Retroactivity of La. R.S. 14(2)(13)(nn)
In order for the exception of prescription to be defeated, the newly amended subsection of La. R.S. 14(2)(13)(nn), which now includes cruelty to a juvenile as an enumerated crime of violence, would have to be applied retroactively. For the reasons that follow, such retroactive application is impossible under the circumstances presented.
Prescriptive limitations relate to the remedy and are usually treated as procedural and applied retroactively. Falgout v. Dealers Truck Equipment Co., XXXX-XXXX p. 11 (La.10/19/99), 748 So.2d 399, 407, citing Lott v. Haley, 370 So.2d 521, 523 (La.1979). The Louisiana Supreme Court has explained:
It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. However, statutes of limitation, like any other procedural or remedial law, cannot consistently with state and federal constitutions apply retroactively to disturb a person of a pre-existing right.
Lott v. T.J.Haley, M.D., 370 So.2d 521, 523 (La.1979).
The retroactive application of a prescription statute was recently discussed in Elevating Boats, Inc. v. St. Bernard Parish, XXXX-XXXX (La.9/5/01), 795 So.2d 1153, in which the Louisiana Supreme Court noted:
Finally, regarding prescription statutes, Planiol states: When a law modifies the duration of a prescription, either to lengthen it or to shorten it, prescriptions already accrued are not disturbed by it, but those which are running are affected by the change.
Elevating Boats, Inc., XXXX-XXXX, p. 13-14, 795 So.2d 1153, 1163.
The court continued to explain:
The rationale for such decisions [that apply prescription statutes retroactively] is that the application of a new, extended prescriptive period does not negatively affect any rights that have accrued in favor of any party, for two reasons. First, ... Second, this rule permitting the extension of prescriptive periods applies only to those prescriptive periods still running on the date of the statute's enactment. This is so because after the prescriptive period on an obligation has run, an obligor gains the right to plead prescription. In such as situation, that right to plead prescription has already accrued and application of a lengthened prescriptive period to revive the obligation, and effectively remove the right to plead prescription, would "modify or suppress the effects of a right already acquired." 1 Planiol, supra at § 243. Thus, we have noted that the Legislature is without the authority to revive a prescribed claim. See Bouterie v. Crane, 616 So.2d 657, 664 n. 15 (La. 1993); Hall v. Hall, 516 So.2d 119, 120 (La.1987).
Elevating Boats, Inc., XXXX-XXXX, p. 14-15, 795 So.2d at 1163-64 (emphasis in original); see also Chance v. American Honda Motor Co., 93-2582 (La.4/11/94), 635 So.2d 177 (refusing to apply the statute retroactively to revive an already-prescribed cause of action).
In the instant case, the alleged injuries occurred in 1998. When the original petition *36 was filed alleging tort damages, it was prescribed on its face.[3] Although the plaintiff's counsel filed the first amended petition within the two-year time frame, that first amended petition involved merely the parents' procedural capacity issue raised by the defendant in its first exception. The second amended petition was not filed until May 21, 2002, and this petition was the first pleading to allege that the School Board's tortious conduct also included the October 19, 1998 re-injury that occurred when Teiera returned to school on crutches and was required to attempt going upstairs despite her mother's warnings and requests for Teiera not to go upstairs. Thus, even if we were to find that the two-year prescriptive period applied in this case, that period also had elapsed by the time the plaintiff's counsel filed the amended petition alleging facts that would support construing the School Board's actions as a crime of violence.
The original petition was prescribed on its face under the one-year tort prescriptive period and the second amended petition was also filed untimely even under the two-year period. At the time the second amended petition was filed, the School Board had obtained a vested right in being able to assert the exception of prescription. Therefore, based upon the jurisprudence of this State and due to the procedural mistakes discussed herein, La. R.S. 14(2)(13)(nn) may not be utilized to revive the appellants' claim.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court maintaining the exception of prescription.
AFFIRMED.
GORBATY, J., concurs with reasons.
GORBATY, J., concurring with reasons.
I respectfully concur. The majority opinion discusses the two-year prescriptive period for damages arising from crimes of violence, pursuant to La. C.C. art. 3493.10, and concludes that it would apply, if not for the untimely filings in this matter. I feel that the examination of the merits of the applicability of La. C.C. art. 3493.10 is unnecessary, given the fact that the pleadings were not filed within the prescriptive period set forth in that statute. Accordingly, for these reasons, I concur in the result reached by the majority.
NOTES
[1] The medical records submitted in this case indicate the alleged injuries occurred on the date of admission to the Medical Center of New Orleans, which was October 5, 1998. The school board points out in its brief that October 4, 1998 was a Sunday. This court takes judicial notice of this fact, and the October 5, 1998 date will be used herein as the alleged date of the first injury.
[2] Act 637 provides as introduction: "An Act to enact R.S. 14:2(13)(gg), (hh), (ii), (jj), (ll), (mm), (nn), and (oo), relative to crimes of violence; to add certain crimes to the listing of crimes designated as crimes of violence;...."
[3] As noted above, the alleged date of injury was October 4, 1998 (actually was October 5, 1998), and the petition was filed on October 13, 1999. Thus, the one-year tort prescription period had already elapsed when the petition was filed.