928 So.2d 29 (2005)
Cynthia Wegmann TRAMONTIN
v.
Gregory William TRAMONTIN.
No. 2004 CA 2286.
Court of Appeal of Louisiana, First Circuit.
December 22, 2005.
*30 Jeffrey S. Wittenbrink, Dannie P. Garrett, III, Baton Rouge, Counsel for Plaintiff/Appellee Cynthia Wegmann Tramontin.
Olivia Smith, Thomas E. Gibbs, Baton Rouge, Harry S. Hardin, Corinne Giacobbe Hufft, New Orleans, Counsel for Defendant/Appellant Gregory William Tramontin.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
The pivotal issue of this review is whether plaintiff's 1994 petition alleging lesion beyond moiety was timely when filed over five years after the community property in dispute was partitioned. The second issue we will consider is whether the amending petitions, filed in 1999 and 2003, alleging fraud were timely filed. For the following reasons, we reverse the trial court's judgment rendered May 5, 1997, and sustain the exception of prescription. Concluding that all of plaintiff's claims have prescribed, we accordingly reverse those portions of the March 30, 2004 judgment.
Cynthia and Gregory Tramontin married in 1981 and separated October 22, 1985. The community property regime was terminated at that time. During the marriage, the couple started USAgencies, an insurance company. At the time of separation, the community's primary asset was stock in USAgencies. The community was partitioned on February 2, 1988. In the partition agreement, Cynthia received $25,000.00 for giving Gregory all rights, title, and interests in USAgencies.
On July 6, 1988, Gregory sold his USAgencies stock and in return received twenty-five shares of stock in a newly formed company, Liberty Underwriters. The contract also guaranteed his employment at $80,000.00 per year. About a year later, Liberty Underwriters terminated Gregory, and suits in tort and contract ensued. The lawsuits were settled in September 1989 with Liberty Underwriters paying Gregory $2,200,000.00 in damages and also buying *31 back Gregory's shares of stock for $200,000.00.
On January 19, 1994, Cynthia filed suit against Gregory pertinently to rescind the partition and settlement of community property.[1] In her petition, she alleged that she "desires a rescission of the Partition and Settlement of Community Property effected between the parties on or about the 2nd day of February, 1988, based on lesion beyond moiety." She also asserted that she had transferred all her rights, title, and interest in two corporations to defendant "based on erroneous information that said corporations had little or no value." She claims to have learned of the improper valuation in July 1990. No relief was sought on the basis of error or fraud.
On February 18, 1997, Gregory filed an exception of prescription alleging that a suit based on lesion must be filed within a five-year prescriptive period pursuant to LSA-C.C. arts. 3497 and 1413, and therefore the current lawsuit was not timely filed. The trial court denied Gregory's exception and signed a judgment to that effect. On January 7, 1999, Cynthia filed an amended petition alleging that the property settlement should be set aside because "she signed the Settlement document based upon error" and also "upon the fraud on the part of the Defendant." Cynthia filed another amending petition on May 23, 2003, again alleging fraud; on June 2, 2003, Gregory filed another exception of prescription.[2]
The suit came on for trial on June 3-5, 2003, and the matter was taken under advisement. On March 30, 2004, the trial court rendered judgment in favor of Cynthia, ordering Gregory to pay Cynthia $1,758.571.65, together with all court costs, including expert witness fees of $4,500.00 and attorney fees of $50,000.00, plus judicial interest. From that judgment, Gregory has appealed. While the appeal was pending, Gregory filed another exception of prescription in this court alleging that the amending petition filed on January 7, 1999, had prescribed.
We summarize Gregory's allegations of error as follows:
1. In not sustaining his original exception of prescription;
2. In finding that the 1999 and 2003 petitions alleging fraud were not prescribed;
3. In finding that the 1999 and 2003 petitions relate back to the original petition;
4. In evaluating the value of USAgencies;
5. In dismissing the reconventional demand with prejudice.

EXCEPTIONS OF PRESCRIPTION
Before we determine whether the trial court erred in finding that Cynthia's petitions based on fraud and error were timely filed, we first decide whether the trial court erred in finding that the original petition was filed timely.
The initial petition filed in 1994 is a claim for rescission of the partition based on lesion beyond moiety. The claim to rescind the community property partition *32 must be brought within five years of the partition. LSA-C.C. art. 1413; also see Glascock v. Glascock, 98-1031 (La.App. 1 Cir. 11/5/99), 746 So.2d 288. Further, in order for the amending petitions alleging fraud to be viable, they must either relate back to a timely filed petition or have been timely filed in their own right. Raymond v. Orleans Parish School Board, 03-0560, pp. 5-6 (La.App. 4 Cir. 9/3/03), 856 So.2d 27, 31, citing Ford v. Murphy Oil, U.S.A., Inc., 96-2913, p. 1 (La.10/10/97), 710 So.2d 235; see also Albert Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211, 233 (1969).
The burden of proof is generally on the party pleading prescription. Hudson v. East Baton Rouge Parish School Board, 02-0987, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 282, 286. However, when the petition is prescribed on its face, the plaintiff has the burden of showing that prescription has been interrupted in some manner. Id. Evidence may be introduced to support or controvert the peremptory exception raising the objection of prescription pursuant to LSA-C.C.P. art. 931 when the grounds for the exception do not appear on the face of the petition. In the absence of evidence the exception of prescription must be decided upon the facts alleged in the petition, and all allegations therein are accepted as true. Id.
Here no evidence was introduced, so the trial court apparently denied the exception based upon the face of the petition. Accordingly, we review the exception of prescription from the face of the exception.
The original petition was not filed within five years of the partition, but in fact was filed nearly six years after. Arguing against prescription, however, Cynthia asserts that her original petition was not prescribed on its face when filed because prescription did not begin to run because she did not learn of the stock value until July 1991. This allegation apparently attempts to assert contra non valentem.
This Court has recognized four factual situations in which the doctrine of contra non valentem applies so as to prevent the running of prescription.[3]Renfroe v. State, Dept. of Transportation and Development, 01-1646, p. 9 (La.2/26/02), 809 So.2d 947, 953. Here, the only factual situation that could be applicable is the fourth, where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant. However, the doctrine of contra non valentem only applies in exceptional circumstances. Id. And in order to apply this fourth type of situation, a plaintiff is deemed to know what he could have learned by reasonable diligence. Id. 01-1646 at pp. 9-10, 809 So.2d at 953. From the face of her original petition, Cynthia fails to show that information regarding valuation of the company was not reasonably knowable *33 through the exercise of reasonable diligence. Cynthia has therefore failed to establish that her implicit claim of contra non valentem applies in this case to interrupt prescription on her action for lesion.
Further, citing LSA-C.C. art. 1949, Cynthia also argues that her allegation of error in her 1994 petition regarding the community property settlement agreement vitiates her consent and timely raises a cause of action based on the vice of consent of error. Her petition, however, simply alleges that she transferred her interest in the corporation based on erroneous information that the companies had no value. This original petition does not in anyway implicate Gregory as the source of the erroneous information that she alleges her decision was based upon. The 1994 petition mentions only that she transferred her ownership in the community because of an erroneous belief that it was worthless.
Additionally, a petition must set forth the material facts of the transaction or occurrence that is the subject of the litigation. LSA-C.C.P. art. 891. Any circumstances constituting fraud or mistake must be alleged with particularity. LSA-C.C.P. art. 856. Our jurisprudence has consistently held that a petition seeking to annul an agreement on the grounds of fraud must clearly allege facts from which such elements may be unmistakably concluded in order to state a cause of action. Kirby v. Field, 04-1898, p. 3 n. 6 (La.App. 1 Cir. 9/23/05), 923 So.2d 131, 136 n. 6. This rule is based upon the presumption of the validity of a final judgment. And our jurisprudence holds that fraud is never presumed. Id.
Further, the pertinent relief sought in the original petition is rescission of the community property partition based solely on lesion beyond moiety. The 1994 petition does not state a cause of action for rescission based on error or based on any other vice of consent.
We therefore conclude that the 1994 petition was prescribed on its face and that the trial court erred in denying Gregory's exception of prescription. Accordingly, we reverse the ruling of the trial court in this regard and dismiss the 1994 petition with prejudice.
Since we have concluded that the original petition has prescribed, the amended petitions cannot relate back to the filing date of the original petition. Raymond, 03-0560 at p. 6, 856 So.2d at 31. Accordingly, we next decide whether Cynthia's amended petitions were timely filed on their own.
In cases of error and fraud, the five-year prescriptive period begins to run from the day the error and fraud are discovered. LSA-C.C. art. 1413. In Cynthia's amended petitions, she claims that she first became aware of the alleged fraud in 1991 at the latest or 1990 at the earliest. Therefore, the second and third amended petitions filed in 1999 and 2003 cannot interrupt the five-year prescriptive period under LSA-C.C. art. 1413. These claims, therefore, are also prescribed.
Accordingly, we find merit in Gregory's first, second, and third assignments of error. Those portions of the judgment rendered March 30, 2004, finding that Gregory committed fraud and finding him liable to Cynthia are reversed, and the two amending petitions are dismissed with prejudice. We pretermit discussion of Gregory's fourth assignment of error.

RECONVENTIONAL DEMAND
Gregory filed a reconventional demand along with his supplemental answer in 1997, shortly after the denial of his exception of prescription. He prayed to recover the balance Cynthia allegedly *34 owed him on a promissory note securing the family home. The March 30, 2004 judgment dismissed Gregory's reconventional demand claim with prejudice. Gregory's appeal alleges that the trial court erred in dismissing with prejudice. We agree.
Although not precisely stated, the written reasons proclaim that the reconventional demand was premature and that proper notices had not been given to Cynthia. The judgment, however, dismissed the reconventional demand with prejudice. The jurisprudence has recognized that a trial court cannot dismiss a suit with prejudice if substantive rights acquired by the other party would thereby be lost. Cf. Oliver v. Davis, 95-1841, p. 4 (La.App. 1 Cir. 8/12/96), 679 So.2d 462, 464. This reconventional demand is for a suit on a note that was not yet due.
Upon reviewing the record, we find merit in Gregory's fifth assignment of error. We conclude that while the trial court judgment correctly dismissed the reconventional demand, the matter should have been dismissed without prejudice. That portion of the judgment is hereby reversed.

DECREE
For the reasons assigned, the judgment of the trial court rendered May 13, 1997, denying the exception of prescription on the original petition is reversed in part only to render judgment without prejudice, and the original petition is dismissed with prejudice.
Having concluded that the two amending petitions are also prescribed, we dismiss them. We, therefore, reverse and vacate the judgment of the trial court rendered on March 30, 2004, except where the judgment dismissed the reconventional demand with prejudice. For the reasons assigned, we affirm the judgment of the trial court dismissing the reconventional demand, but we reverse insofar as it dismisses his claim with prejudice. We amend the judgment and order, adjudge, and decree that Gregory Tramontin's reconventional demand be dismissed without prejudice.
The exception of prescription filed for the first time at the First Circuit Court of Appeal is pretermitted as moot. In the interest of justice, the costs of this appeal are assessed against Gregory William Tramontin.
REVERSED IN PART, AMENDED IN PART, AFFIRMED AS AMENDED.
GAIDRY, J., concurs.
NOTES
[1] The petition also prays for injunctive relief to prohibit "alienating, encumbering, or disposing of any and all assets of the community.. ."
[2] Where a trial court's ruling is silent as to any demand at issue under the pleadings, such silence constitutes an absolute rejection of such demand. VaSalle v. Wal-Mart Stores, Inc., 01-0462, p. 8 (La.11/28/01), 801 So.2d 331, 337. The record reflects that the trial court never ruled on this exception, but our review of the written reasons indicates that prescription was considered by the court and denied.
[3] The four factual situations are as follows:

(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
(4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.
The first two are clearly inapplicable, and there are no facts in the petition that would support the third. Renfroe, 01-1646 at p. 9, 809 So.2d at 953.