977 So.2d 18 (2007)
OIL INSURANCE LIMITED
v.
DOW CHEMICAL COMPANY, Dow Hydrocarbons and Resources, Inc., Frank's Casing Crew & Rental Tools, Inc. and Grey Wolf Drilling Company.
No. 2007 CA 0418.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
Writ Denied February 22, 2008.
*20 Edward F. Lebreton, III, Norman C. Sullivan, Jr., George Fowler, New Orleans, Louisiana, for Plaintiffs/Appellants, Oil Insurance Limited.
F. Barry Marionneaux, Plaquemine, Louisiana, Martin Triche, Napoleonville, Louisiana, E. Lanier Edwards, Jr., Napoleonville, LA, Amy L. Baird, B. Richard Moore, Jr., David M. Whitaker, Nicole M. Duarte, New Orleans, Louisiana, Douglas J. Kurtenbach, P.C., pro hac vice Chicago, Illinois, for Defendant/Appellee, Dow Chemical Company & Dow Hydrocarbons & Resources, Inc.
Richard J. Hymel, Jeffrey Riggs, Lafayette, Louisiana, for Defendant/Appellee, Frank's Case Crew & Rental Tools, Inc.
Terrence K. Knister, New Orleans, Louisiana, for Defendant/Appellee, Gulf South Pipeline Company, LP.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
In this suit for damages, plaintiff, Oil Insurance Limited (Oil), as the subrogated insurer for Gulf South Pipeline, L.P. (Gulf South), appeals a judgment in favor of one of the defendants, Frank's Casing Crew & Rental Tools, Inc. (Frank's), maintaining Frank's peremptory exception raising the objection of prescription. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
Oil filed suit on September 29, 2005, seeking reimbursement for claims paid on behalf of Gulf South. According to Oil's petition, Dow Hydrocarbons and Resources, Inc. (Dow) contracted in the 1970's with Frank's "to drill and install casing for wells 13 and 14 in the Napoleonville salt dome. . . ." In 2001, Gulf South leased the wells for storage of natural gas. On December 24, 2003, natural gas seeped out of well 13, causing damages. The Louisiana Department of Natural Resources, Office of Conservation, required Gulf South to investigate and provide a "Root Cause Analysis" for the accident. Allegedly, the cause of the accident was determined to be improper back welding by Frank's and another company, which caused the cracks in the well casing through which the gas seeped. Although the petition shows that Oil's tort claim against Frank's was filed more than one year from the date of the accident, Oil alleged that the true cause of the seepage was not discovered until 2005. As of the date of the petition, Oil asserted that it had paid over $20,000,000.00 in claims on behalf of Gulf South; and prayed for judgment in its favor and against Frank's and other defendants.
Frank's filed peremptory exceptions raising the objection of prescription and the objection of no cause of action based on peremption, and a dilatory exception raising the objection of prematurity. At the hearing on the exceptions, Frank's argued the peremptory exceptions, but withdrew the exception of prematurity. The only evidence admitted at the hearing was the deposition of Dr. Geoffrey R. Egan, the expert hired by Gulf South to *21 determine the root cause of the seepage. Both parties presented arguments partially relying on various sections of the deposition. In a judgment dated October 5, 2006, the trial court sustained the exception of prescription and dismissed Oil's claims against Frank's.[1] In its reasons for judgment, the trial court found that plaintiffs expert "suspected that welding and casing work performed by Frank's may have been the cause of the leak as early as June 2004. . . ."
On appeal, Oil assigned error to the trial court's ruling, primarily arguing the discovery rule recognized by the doctrine of contra non valentem agree nulla currit praescriptio. Oil argues that Gulf South's expert was not "confident" and had not reasonably "confirmed" that Frank's was the true cause of the seepage until November of 2004. Thus, even without the benefit of LSA-R.S. 9:5822, the Hurricane Katrina prescription extension provision invoked by Oil, the suit was timely filed.
Frank's asserts that the petition had prescribed on its face and Oil did not meet its burden to prove the applicability of the discovery rule provided by the contra non valentem doctrine. Frank's posits that it is clear from the allegations in the petition, coupled with the deposition of Dr. Egan, that Oil or Gulf South knew or should have known of facts sufficient to trigger the running of prescription by June of 2004. Thus, the petition was not filed within one year of that discovery date.

APPLICABLE LEGAL PRECEPTS
"Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." LSA-C.C. art. 3492. "Prescription runs against all persons unless exception is established by legislation" or jurisprudential rule. LSA-C.C. art. 3467; Griffin v. BSFI Western E & P, Inc., 2000-2122, p. 9 (La. App. 1 Cir. 2/15/02), 812 So.2d 726, 734. The plea of prescription must be specifically pleaded and may not be supplied by the court. LSA-C.C.P. art. 927(B). Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that prescription was interrupted or suspended, and the action has not prescribed. Williams v. Sewerage & Water Board of New Orleans, 611 So.2d 1383, 1386 (La.1993); Succession of Daigle, XXXX-XXXX, pp. 6-7 (La.App. 1 Cir. 6/21/02), 822 So.2d 83, 88, writ denied, 2002-2389 (La.11/22/02), 829 So.2d 1045.
Prescriptive statutes are strictly construed against prescription and in favor *22 of the obligation sought to be extinguished; thus, of two possible constructions, the one which favors maintaining an action, as opposed to barring, should be adopted. Foster v. Breaux, 263 La. 1112, 270 So.2d 526, 529 (1972). Further, in an attempt to "soften the occasional harshness of prescriptive statutes, our courts have recognized a jurisprudential exception to prescription: contra non valentem non currit praescriptio, which means that prescription does not run against a person who could not bring his suit." Carter v. Haygood, XXXX-XXXX, p. 11 (La.1/19/05), 892 So.2d 1261, 1268; Harvey v. Dixie Graphics, Inc., 593 So.2d 351, 354 (La.1992). The doctrine of contra non valentem is one of the suspensive theories that may be asserted by plaintiffs to prove that prescription had not run before suit was filed. See Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206, 211; Lima v. Schmidt, 595 So.2d 624, 627-29 (La.1992), and compare Campo v. Correa, 2001-2707 pp. 6-9 (La.6/21/02), 828 So.2d 502, 507-09 (burden remains on exceptor if contra non valentem principle codified into the applicable prescriptive codal article or statute). Our supreme court has recognized
four instances where contra non valentem is applied to prevent the running of prescription: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.
Carter, XXXX-XXXX at pp. 11-12, 892 So.2d at 1268.
For purposes of category four, often called the "discovery rule," prescription does not commence until a plaintiff obtains actual or constructive knowledge of facts that would indicate to a reasonable person that he is the victim of a tort, damage occurred, and the defendant's negligence caused the damage. Harvey, 593 So.2d at 354; Griffin, 2000-2122 at p. 9, 812 So.2d at 734. Constructive knowledge consists of the facts sufficient to incite curiosity, to excite attention, or to put a reasonably minded person on guard and call for an inquiry. Griffin, 2000-2122 at p. 9, 812 So.2d at 734. In deciding whether the plaintiff had constructive knowledge, a plaintiff is deemed to know what he could have discovered through reasonable diligence. Tramontin v. Tramontin, 2004-2286, pp. 5-6 (La.App. 1 Cir. 12/22/05), 928 So.2d 29, 32, writ denied, XXXX-XXXX (La.5/26/06), 930 So.2d 20. However, "a plaintiffs mere apprehension that something may be wrong is insufficient to commence the running of prescription[,] unless the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by" tortious acts. Campo, 2001-2707 at p. 12, 828 So.2d at 511 (emphasis added); Gunter v. Plauche, 439 So.2d 437, 439 (La.1983). The overriding issue is the reasonableness of the plaintiff's act, after considering his education and level of intelligence, in light of the nature of the defendant's conduct Campo, 2001-2707 at p. 12, 828 So.2d at 511.
If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error or clearly wrong standard of review. Carter, XXXX-XXXX at p. 9, 892 So.2d at 1267; see Stobart v. State, Department of Transportation *23 and Development, 617 So.2d 880, 882-83 (La.1993). The manifest error appellate standard of review applies even "when the evidence before the trier of fact consists solely of written reports, records and depositions." Virgil v. American Guarantee and Liability Insurance Company, 507 So.2d 825, 826 (La.1987) (per curiam). Essentially, if the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Carter, XXXX-XXXX at p. 9, 892 So.2d at 1267; Stobart, 617 So.2d at 882-83.

ANALYSIS
The fourth category, comprising the discovery rule, is asserted here. However, we are mindful that contra non valentem exceptions are maintained only under special circumstances. Tramontin, 2004-2286 at p. 5, 928 So.2d at 32. Although the plaintiff must have more than "mere apprehension that something may be wrong" to begin the running of prescription, the discovery rule does not allow the plaintiff to wait until the cause of the damage is certified or confirmed through extensive testing. Campo, 2001-2707 at p. 12, 828 So.2d at 511. Such a delay could erode a defendant's ability to preserve relevant evidence and jeopardize the protection afforded by prescription against stale claims. Cichirillo v. Avondale Industries, Inc., 2004-2894, 2004-2918, p. 9 (La.11/29/05), 917 So.2d 424, 430. Balancing the needs of both parties, the discovery rule offers protection to the plaintiff by interrupting prescription, but only until the plaintiff has notice, real or constructive, of facts sufficient to "incite curiosity, to excite attention, or to put a reasonably minded person on guard and call for inquiry. . . ." Griffin, 2000-2122 at p. 9, 812 So.2d at 734.
According to the petition, the accident occurred in December of 2003, and suit was filed on September 29, 2005; more than a year after the damage was sustained. Thus, on the face of the petition, the action had prescribed, and the burden shifted to the plaintiff to show that prescription had been interrupted or suspended by the theory asserted under the doctrine of contra non valentem. See Wimberly, 93-2361, 635 So.2d at 210-12; Tramontin, 2004-2286 at pp. 4-6, 928 So.2d at 32-33; Sandoz v. Dolphin Services, Inc., 555 So.2d 996, 998 (La.App. 1 Cir.1989).
The primary facts supporting the trial court's finding that the action had prescribed were as follows:
1. By the end of February of 2004, the video of the well showed cracks in the casing near the couplings. It was also known that the well had been plugged at the point of the lowest crack and that the leakage stopped, which pointed to the cracks as a possible cause of the leaks.
2. No later than June of 2004, welding had been considered as a potential root cause of the seepage, and Frank's was thought to be the company contracted with for the welding. In addition, the use of back-welding for the job was discovered and additional investigation ensued.
After reviewing the facts presented at the hearing, the trial court applied the discovery rule and found that Oil knew or should have known of facts sufficient to begin the running of prescription by the end of June, 2004. From our review of the petition and the deposition accepted as evidence at the hearing, we cannot say that the trial court was manifestly or clearly wrong in its factual determinations. We agree that the facts known or knowable by June of 2004 to Gulf South, and thus its subrogated insurer Oil, were sufficient "to incite curiosity" or "excite attention" as to the cause of the damages and a likely *24 responsible defendant. Griffin, 2000-2122 at p. 9, 812 So.2d at 734.
Based on those facts, Gulf South did indeed "call for [further] inquiry," which eventually led to the alleged confirmation in Gulf South's mind of the cause of the seepage. While evidentiary confirmation of a cause would be advantageous at a trial on the merits, that level of certitude is not a prerequisite to the commencement of prescription. See Griffin, 2000-2122 at p. 9, 812 So.2d at 734. Nor did our review reveal evidence of any impediment or ignorance induced by Frank's, acts that could have triggered another contra non exception. Thus, even though Oil showed that the discovery rule applied to extend prescription beyond the date of the accident in December of 2003, prescription commenced on or before June 30, 2004, and ended no later than June 30, 2005.[2]See LSA-C.C. arts. 3492, 3454, & 3456. Oil, however, did not file suit until September 29, 2005, several months after the one year prescriptive period had run.
When the record provides a reasonable basis for the trial court's finding of fact and the finding was not manifestly erroneous, the court of appeal may not reverse the factual findings of the trial court. See Stobart, 617 So.2d at 882. Thus, in the absence of any error of fact or law in this particular case, we see no basis for reversal.
For these reasons, we affirm the judgment of the trial court. Costs of the appeal are assessed to plaintiff, Oil Insurance Limited.
AFFIRMED.
NOTES
[1] In the trial court's reasons for judgment, the court noted that its dismissal based on prescription rendered a ruling on Frank's exception of no cause of action based on peremption unnecessary. In this court, Frank's filed an answer to the appeal asking that the exception based on peremption be considered and maintained.

Peremption, which may be raised by a party through an exception of no cause of action, without the introduction of evidence, or through an exception of prescription, with supporting evidence, need not be pleaded and can be raised by a court on its own motion. LSA-C.C.P. art. 931; LSA-C.C. art. 3460; Saia v. Asher, XXXX-XXXX, p. 4 n. 5 (La.App. 1 Cir. 7/10/02), 825 So.2d 1257, 1259 n. 5. However, as did the trial court, based on our finding that the action has prescribed, we pretermit the issue of peremption.
In addition, we note that we do not accept new evidence or review evidence not properly admitted in the court below, and we deny Oil's motion to supplement the record with the trial court's reasons for its ruling on a different party's exception rendered after the judgment on appeal here. See Willis v. Letulle, 597 So.2d 456, 464 (La.App. 1 Cir. 1992); Shahla v. City of Port Allen, 601 So.2d 746, 751 n. 3 (La.App. 1 Cir.1992).
[2] Although the suit was filed after Hurricane Katrina, the suspension of prescription provided by LSA-R.S. 9:5822, has no application if the prescriptive period had run before the statutory threshold date of August 26, 2005. See LSA-R.S. 9:5822 A.