PER CURIAM.*
We granted certiorari in this case to consider whether the court of appeal erred in reversing the judgment of the district court which had held that plaintiffs’ conversion claims against defendants, Michael and Eloise Futrell, are prescribed. For the reasons that follow, we conclude the court of appeal did so err, and we now reinstate the district court’s judgment.
FACTS AND PROCEDURAL HISTORY
This suit arises out of the tragic death of Diane Boland, who is the mother of plaintiffs, Ysonde and Kurt Boland. On August 11, 1998, eighteen-year-old John Donald “J.D.” Kleinpeter stole a .45 caliber handgun from the residence of Diane Boland. Sometime thereafter, J.D. showed the gun to his friend, Lauren Futrell,[1] and told her that he had stolen it from Diane Boland. J.D. also told Lauren that he had enlisted the assistance of another friend, Adam Lawson, in hiding the gun, and he apparently discussed with Láuren how “weird” it would be to shoot someone. Lauren Ltold no one about these events, however. J.D. subsequently retrieved the stolen gun and, on September 14, 1998, he entered Diane Boland’s home, shot her to death, and then sexually assaulted her. After the murder, but prior to September 16, 1998, J.D. returned to the Boland residence with two friends, Jason Cobb and Tiffany Edwards. At this time, J.D. took jewelry and other items from the house, including two large knives owned by Kurt Boland.
Shortly thereafter, J.D. visited Lauren at the home she shared with her parents, defendants Michael and Eloise Futrell. J.D. told Lauren that he had killed Diane Boland, and in Lauren’s presence, J.D. painted the murder weapon in an attempt to remove his fingerprints. J.D. also hid the stolen knives at the Futrells’ home, first in a flower bed and then inside the house under a bed.
*491 On September 13, 1999, plaintiffs filed a wrongful death suit against numerous defendants, including the Futrells, alleging that the defendants were negligent in failing to report certain facts or otherwise taking action to prevent the death of Diane Boland.[2] In response, the Futrells filed a peremptory exception raising the objection of no cause of action. Following a hearing, the district court granted the Futrells’ exception and permitted plaintiffs to amend their petition to attempt to state a cause of action.
On February 29, 2000, plaintiffs filed an amended petition asserting, among other claims, that Lauren Futrell assisted, aided, and abetted J.D. “in the wrongful conversion and hiding ' of plaintiffs’ property,”' apparently referring to the gun and the knives. In response to the amended petition, the Futrells again filed an exception of no cause of action. They also objected to the newly-urged conversion claims on the basis of prescription. In support of the exception of prescription, the Futrells argued that plaintiffs’ claim for damages as a result of Lauren Futrell’s “playing a role in|3assisting, aiding, and abetting J.D. Kleinpeter in the wrongful conversion and hiding of Plaintiffs’ property” was not made within one year of the date of Lauren’s alleged wrongful act.
After a hearing, the district court granted the Futrells’ exception of no cause of action.[3] The court also granted the exception of prescription, stating in oral reasons for judgment that the conversion claims raised for the first time in the amended petition did not relate back to the original petition.
Plaintiffs devolutively appealed the district court’s judgment: On appeal, plaintiffs contended that the conversion claims relating to the gun and the knives are not prescribed because a two-year prescriptive period applies. In support, plaintiffs argued that La. Civ.Code art. 3493.10,[4] which was enacted effective August 15, 1999 to provide a two-year prescriptive period in delictual actions which arise due to damages sustained as a result of an act defined as a “crime of violence,”[5] applies to the *492 pinstant case because their cause of action originally arose out of a crime spree involving a burglary, the theft of a gun, and a murder.
The court of appeal affirmed in part and reversed in part in a thirteen-page unpublished opinion.[6] The court first found that plaintiffs did not state a cause of action against the Futrells for conversion of the gun, pointing out that there are no allegations in either the original or amended petitions that Lauren Futrell exercised or assumed any authority over the gun.
With respect to the claim for conversion of the knives, the court noted that the allegations of the amended petition that Lauren assisted J.D. by allowing him to hide the stolen knives in the flower bed and inside her family’s home are clearly sufficient to state a cause of action for conversion of the knives. However, the court also noted that there is nothing in the original petition to put the Futrells on notice of the plaintiffs’ claims that Lauren unlawfully interfered with plaintiffs’ possession of the knives. Accordingly, because the amended petition was filed more than one year after the conversion of the knives, the court turned to a discussion of the prescription issue, specifically the application of La. Civ.Code art. 3493.10.
The court pointed out that the conversion of the knives is alleged to have occurred between September 14 and 16, 1998, and that La. Civ.Code art. 3493.10 became effective on August 15, 1999, before the one-year liberative prescriptive period had run. The court therefore concluded that the two-year prescriptive period set forth pin the article is applicable to a tort committed in September 1998 if the action arises “due to damages sustained as a result of an act defined as a crime of violence.”
The court first rejected the Futrells’ argument that because Lauren’s concealment of the stolen knives does not constitute one of the 31 offenses enumerated in La. R.S. 14:2(13) as crimes of violence, La. Civ.Code art. 3493.10 does not apply.[7] The court stated that the list is. not restrictive but is merely illustrative. Then, focusing on the portion of La. R.S. 14:2(13) defining a crime of violence as “an offense that involves the possession or use of a dangerous weapon,” the court concluded that plaintiffs have alleged that Lauren committed an offense involving the possession of a dangerous weapon, namely the two large knives stolen by J.D. from the Boland residence:
Strictly construing article 3493.10 against prescription, we find that the allegations that Futrell took dangerous weapons, two large knives, belonging to plaintiffs and hid them are sufficient to bring the cause of action against the Futrells within the purview of article 3493.10. Thus, the claim for conversion of the knives in the amended petition, which was filed February 29, 2000, 17 months after the claim arose, was timely. The trial court erred in granting the exception of prescription as to plaintiffs’ claim for conversion of the knives.
00-1747 at p. 15.
Based on this reasoning, the court of appeal affirmed the portion of the trial court’s judgment sustaining the Futrells’ *493 exception of no cause of action and exception of prescription as to the claim for conversion of the gun, but reversed as to the claim for conversion of the knives,
lfiUpon the Futrells’ application, we granted certiorari to review the correctness of that ruling.[8] The sole issue presented for our consideration is whether this case involves a “crime of violence” for purposes of the two-year prescriptive period set forth in La. Civ.Code art. 3493.10.
DISCUSSION
La. R.S. 14:2(3) defines “crime of violence” as (1) an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense, or (2) an offense that involves the possession or use of a dangerous weapon. For plaintiffs to prevail, they must show their allegations against the Futrells fit within this definition.
In finding the provisions of La. Civ.Code art. 3493.10 applied, the court of appeal concluded that “the allegations that Futrell took dangerous weapons, two large knives, belonging to plaintiffs and hid them are sufficient to bring the cause of action against the Futrells within the purview of article 3493.10.” The error in the court of appeal’s reasoning is that the mere fact that knives were involved do not necessarily mean plaintiffs’ damages were sustained as a result of an act defined as a “crime of violence” for purposes of La. Civ.Code art. 3493.10.[9] . Admittedly, La. R.S. 14:2(13), which La. Civ.Code art. 3493.10 references for the definition of “crime of violence,” includes an “offense that involves possession or use of a dangerous weapon.” ^However, “dangerous weapon” is defined ^11 14:2(3) as “any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm.” [emphasis added]. .
In the. instant case, the knives were hidden in flower beds and under a bed at the Futrell home. Assuming for sake of argument that Lauren’s involvement in J.D.’s act of hiding the knives constituted a crime, the fact remains that Lauren never used the knives in a manner calculated or likely to produce death or great bodily harm. Likewise, Lauren’s actions do not involve an element of use, attempted use, or threatened use of physical force against the person or property of another, nor a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. Based on the allegations of fact in plaintiffs’ petition, there is no scenario under which Lauren’s actions could be considered a “crime of violence” for purposes of La. Civ.Code art. 3493.10. Hence, the two-year prescriptive period set forth in La. Civ.Code art. 3493.10 cannot save plaintiffs’ claim against the Futrells.
In sum, we find that the claim against the Futrells for conversion of the knives is prescribed, as it was set forth for the first time in the amended petition, which was filed some seventeen months after the claim arose. The court of appeal erred in *494 reversing the district court’s judgment granting the Futrells’ exception of prescription on this basis. Accordingly, we will reverse the judgment of the court of appeal, and reinstate the judgment of the district court.
¡¿DECREE
For the reasons assigned, the judgment of the court of appeal is reversed, and the judgment of the district court granting'the exception of prescription filed by Michael and Eloise Futrell is reinstated.' All costs in this court are assessed against plaintiffs.

 Retired Justice Walter F. Marcus, Jr., assigned as Justice ad hoc, sitting for Associate Justice Catherine D. Kimball, recused.

. The Futrell and Kleinpeter families resided in the same Baton Rouge neighborhood as Diane Boland.

. Plaintiffs alleged the Futrells are vicariously liable for the actions of their minor daughter, Lauren.

. The district court, as did the court of appeal, also made additional rulings which are not at issue in this matter and to which we, therefore, make no reference.

. La. Civ.Code art. 3493.10 provides:
Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950 are subject to a liberative prescription of two years. This prescription commences to run from the day injury or damage is sustained.

. La. R.S. 14:2(13) defines "crime of violence” as follows:
“Crime of violence” means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon. The following enumerated offenses and attempts to commit any of them are included as "crimes of violence": (a) Solicitation for murder; (b) First degreé murder; (c) Second degree murder; (d) Manslaughter; (e) Aggravated battery; (f) Second degree battery; (g) Aggravated assault; (h) Mingling harmful substances; (i) Aggravated rape; (j) Forcible rape; (k) Simple rape; (Z) Sexual battery; (m) Aggravated sexual battery; (n) Repealed by Acts 2001, No. 301, § 2; (o) Repealed by Acts 2001, No. 301, § 2; (p) Intentional exposure to AIDS virus; (q) Aggravated kidnapping; (r) Second degree kidnapping; (s) Simple kidnapping; (t) Aggravated arson; (u) Aggravated criminal damage to property; (v) Aggravated burglary; (w) Armed robbery; (x) First degree *492 robbery; (y) Simple robbery; (z) Purse snatching; (aa) Extortion; (bb) Assault by drive-by shooting; (cc) Aggravated crime against nature; (dd) Carjacking; (ee) Illegal use of weapons or dangerous instrumentalities.

. Boland v. Kleinpeter, 00-1747 (La.App. 1st Cir.9/28/01) (not designated for publication).

. In a footnote, the court noted Lauren's actions might constitute receiving stolen goods or accessory after the fact to simple burglary.

. Boland, v. Kleinpeter, 01-3287 (La.2/8/02), 809 So.2d 141. On the same day defendants’ application was granted, this court denied the application filed by plaintiffs. Boland v. Kleinpeter, 01-2929 (La.2/8/02), 809 So.2d 140.

. Additionally, we note the court of appeal’s statement is factually erroneous. Plaintiffs do not allege that Lauren Futrell took the knives from Diane Boland's home; rather, they admit J.D. committed this crime.