PETTIGREW, J.
[2The plaintiff, Laura B. Creighton, individually and as curatrix for Darrell D. Berrigan (Darrell), her mentally handicapped brother, appeals a partial summary judgment dated June 30, 2015, that sustained the defendant Evergreen Presbyterian Ministries, Inc. (Evergreen)’s, exception of prescription. The judgment dismissed Ms. Creighton’s and Darrell’s claims' alleging Evergreen was liable to them for abuse of the infirm [Darrell] by Evergreen’s employee, Calvin Magee, Jr. (Magee). The district court designated the partial summary judgment as a final judgment for purposes of appeal, pursuant to La. C.C.P. art. 1915(B), after determining there is no just reason for delay.[1]
ASSIGNMENT OF ERROR/SOLE ISSUE ON APPEAL
The sole issue raised in this appeal is whether, under the curatorship and interdiction statutes, prescription runs against an interdict’s (Darrell’s) claims in negligence and abuse against the group home where he permanently resides, when at the time the causes of action arose, there was no lawfully appointed curator with the authority to file a claim on his behalf. The issue, in the alternative, is whether prescription on those claims is suspended by the application of the contra, non mlentem doctrine, based on the same factual basis— that the interdict (Darrell) did not have a curator at the time, which prevented him through no fault of his own, from being able to file a timely petition setting forth those causes of action on his behalf.
Following argument before this court, counsel for Ms. Creighton submitted a letter, asserting the applicability of La. C.C. art. 3493.10, which imposes a two-year prescriptive period on delictual claims that “arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised [¡¡Statutes of 1950,” which starts to run from the day injury is sustained. Louisiana Revised Statutes 14:2(B) defines “crime of violence” as (1) an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense, or (2) an offense that involves the possession or use of a dangerous weapon.[2] However, counsel did not offer any *967 argument or citations supporting this contention, and after further review, we find none.
FACTUAL BACKGROUND
Darrell, Ms. Creighton’s younger brother, is a mentally handicapped individual with severe mental incapacities and disabilities, who also has been diagnosed with psychiatric conditions, including bipolar affective disorder. As a result of his numerous disabilities, he was legally declared an interdict in 1991. His biological mother, Malcolm Berrigan, was appointed his curatrix; Ms. Creighton, his biological sister, was appointed his undercuratrix. Malcom Berrigan died on October 6, 2009, creating a vacancy in the position of Darrell’s curator. In fact, no one sought the appointment of a curator following Ms. Berrigan’s death until sometime following the incident underlying this litigation. On November 19, 2014, an Order Appointing Curatrix was issued in the Curatorship of Darrell Dewayne Berrigan proceeding in the 22nd Judicial District Court, appointing Ms. Creighton |4as curatrix. It is undisputed that at the time of the alleged incident underlying this lawsuit, July 28 or 29, 2013, Darrell did not have a lawfully appointed curator.[3]
Darrell began living as a resident at Evergreen Life Services (the home) in Hammond, owned and operated by Evergreen, approximately two years prior to the incident at issue. He remained a resident at the home at all times pertinent to this appeal and apparently still resided there through the dates of the proceedings herein.
. On the evening of July 28, 2013, or the early, morning of July 29, 2013, an altercation occurred at the home between Darrell and Calvin Magee, Jr. (Magee), an employee for the home in charge of caring for the residents. According to the plaintiff, Darrell was “severely beaten” by Magee, and sustained abrasions, scratches, cuts, and bruising to his face and eye. Immediately following the altercation, Darrell was transported from the home to North Oaks Medical Center Emergency Room, in Hammond, for a medical examination and treatment for the injuries sustained in the altercation with Magee. Ms. Creighton was *968 called and notified of the incident and informed that Darrell was at the hospital. Ms. Creighton went to the hospital where she personally witnessed Darrell’s injuries that appeared to have resulted from some type of altercation. However, the medical team and the Evergreen representative with whom she consulted were only able to confirm that the injuries were sustained by Darrell at the home, but they were unable to identify any other specifics as to how they occurred, or whom, besides Darrell, was involved.
Evergreen immediately undertook an internal investigation which revealed the identity of its employee, Magee, as the individual involved in the altercation with Darrell. On the following day, July 30, 2013, Evergreen terminated Magee’s employment due to his conduct relating to the altercation with a resident. The record also contains an ^affidavit by Ms. Creighton attesting that she received letters from the Tangipahoa District Attorney’s Office for the 21st Judicial District Court in September and October 2013, notifying her that Magee was subsequently charged with abuse of the infirm.
PROCEDURAL HISTORY
On August 20, 2014, Ms. Creighton filed a petition for damages naming Evergreen and its insurer, as defendants, claiming they are liable to Darrell for his personal injuries as a result of Evergreen’s and its employee’s unlawful actions.[4] The acts alleged consist of the following: neglect, physical and mental abuse, inattention, breach of duty of care, failure to provide proper, supervision and protection, violation of Darrell’s rights as a mentally handicapped person under .Louisiana Mental Health Law, La. R.S. 28:1 et seq., violation of Darrell’s rights under the Louisiana Residents Bill of Rights, La. R.S. 40:2010.8 et seq., failure to properly train its attendants and/or employees, failure to properly supervise its attendants and/or employees, failure to provide prompt medical attention following the complained of incident, and failure to promptly notify Darrell’s family of the incident.[5]
Evergreen filed an exception raising the objection of prescription, asserting that the claims based on the altercation between Darrell and its employee, Magee, filed on August 20, 2014, are prescribed because they were filed more than one year following the July 28, or 29, 2013, alleged altercation and more than one year following Magee’s termination on July 30, 2013, for his participation in the altercation,
| (¡Plaintiff initially opposed the exception maintaining that Evergreen withheld the results of its internal investigation of the *969 incident that implicated Magee, and that it did so despite Ms. Creighton’s repeated requests for the investigative reports. She maintained that prescription was suspended during the time period in which Evergreen refused to supply the information sought because in doing so, Evergreen violated Darrell’s due process rights to effectively and timely bring a claim against Evergreen based on the incident. However, on appeal, Ms. Creighton has expressly abandoned any position taken in her original opposition to the exception.[6]
Instead, she bases her appeal on the same position set forth in an “alternative” opposition she filed to the exception, to wit, that the application of the contra non valentón doctrine suspended prescription on the basis that prescription could not run against Darrell (an interdict who lacks the capacity to bring a claim on his own) until he attained a proper party (curator) with the legal capacity and authority to file a claim on his behalf. Ms. Creighton asserted their mother, Malcolm Berrigan, was the appointed curatrix of Darrell, until her death on October 6, 2009. According to Ms. Creighton, Ms. Berrigan’s death created a vacancy in the curatorship role for Darrell, and he continued to be without a legal curator until November 19, 2014, when Ms. Creighton was legally declared to be Darrell’s curatrix.[7] Ms. Creighton claims that prescription on any claim that Darrell may have as a result of the altercation at the home was suspended during that period in which he was without a curator to bring an action on his behalf. Thus, she contends one of the four situations under which contra non valentón applies — where the cause of action is neither known nor reasonably knowable by a plaintiff — exists and warrants a suspension of prescription.
Evergreen argues that Ms. Creighton cannot avail herself of the doctrine of contra non valentón based on the fact that she, as under-curatrix, was the person Irresponsible for having a curator appointed when Darrell’s curator died, leaving the position vacant. Evergreen contends that because Ms. Creighton failed to take any steps to fulfill that responsibility in the approximate five-year period during which Darrell was without an appointed curator, she cannot now rely on the fact of that vacancy to constitute a valid basis for the application of contra non valentón and a suspension of prescription. Additionally, Evergreen contends that the cause of action was known or reasonably knowable to Ms. Creighton who, on the date of the incident, when she went to the hospital and witnessed the injuries Darrell sustained at the home for which he required emergency room treatment, had sufficient facts upon which to incite an investigation regarding the incident that caused the injuries and the potential party or parties liable therefor.
The district court held the contra non valentón doctrine inapplicable, and found that Ms. Creighton had sufficient notice of possible causes of action arising out 'of the incident on July 29, 2018, the date that Darrell was in the hospital with injuries that had been sustained at the home, more than one year prior to filing the petition; therefore, the action was prescribed. The *970 district court provided the following statement prior to rendering judgment:
Counsel, this is one of the cases that is extremely disturbing to this Court where someone is under the control of somebody else and they have not been able to defend themselves from something like this, but I do believe that the earlier date was the date that was the time and prescription is granted.
Thus, the district court rendered judgment sustaining Evergreen’s exception of prescription and dismissing Ms. Creighton’s and Darrell’s claims against Evergreen for its alleged liability related to the injuries sustained as a result of the incident with Magee.
APPLICABLE LAW/ANALYSIS
Liberative prescription runs against all persons unless exception is established by legislation. La. C.C. art. 3467. Prescription runs against absent persons and incompetents, including minors and interdicts, unless exception is established by legislation. La. C.C. art. 3468. Although La. C.C. art. 3469 provides that prescription is |sinterrupted as between curators and interdicts during interdiction, there is no statutory provision suspending prescription from running against an interdict when it relates to a third party. In fact, 1982 revised comment (c) to La. C.C. art. 3469 explicitly states that “[t]here is no suspension of prescription vis-a-vis third persons,” and also expressly provide that liberative prescription may accrue in favor of a third person to the prejudice of an interdict.
Louisiana Code of Civil Procedure article 684 states that a mental incompetent (including an interdict) does not have the procedural capacity to sue and provides that the curator is the proper party plaintiff to sue to enforce a right of an interdict.[8]
Prior to Ms. Creighton’s appointment as curatrix in November 2014, at all times pertinent hereto, she held the position to which she was appointed in 1991, of under-curatrix to Darrell. The duties and responsibilities of the undercuratrix are delineated in La. C.C.P. art. 4565, and include that the undercuratrix shall “[n]otify the court when the curator has failed to qualify timely for office,” and to “[m]ove to appoint a successor for a curator who becomes disqualified or whose office terminates.” La. C.C.P. art. 4565.B(1) and (6). Additionally, La. C.C. art. 393 charges the undercurator, in discharging his duties, with exercising reasonable care, diligence, and prudence and with acting in the best interest of the interdict.
At the time of the incident giving rise to the causes of action at issue, Darrell, a legal interdict without the procedural capacity to sue on his behalf, did not have a lawfully appointed curator with the authority to sue on his behalf, pursuant to La. C.C.P. art. 684. In 1991, when he was interdicted, his mother, Malcolm Berrigan had been appointed as his curatrix, and Ms. Creighton was appointed his undercu-ratrix. See La. C.C.P. art. 4561 (appointment of curator) and La. C.C.P. art. 4565 (appointment of undercurators). However, Ms. Berrigan’s duties and role as Darrell’s curatrix terminated with her death, on October 9, 2009. Accordingly, by operation of law, Ms. Creighton, the undercuratrix at the time of the curator’s death, became Darrell’s sole lawful representative. As such, shejflWas obligated by law to move to appoint a successor for Darrell’s curator *971 whose office terminated by death on October 9, 2009. La. C.C.P. art. 4565.B(6). The record reveals that Ms. Creighton did not fulfill this obligation until November 2014, over five years later.
Ms. Creighton contends that contra non valentem applies to suspend prescription on Darrell’s claims because he did not have a curator appointed with the procedural capacity to sue on his behalf, claiming that the cause of action was not known or reasonably knowable because there was no curator who could have acquired that knowledge. However, the fallacy of Ms. Creighton’s argument is • that she is the very reason that condition existed. Since October 9, 2009, Ms. Creighton, as the undercuratrix of an interdict whose curator died, became Darrell’s sole legal representative, and the only person with the authority and indeed, the obligation, to notify the court of such vacancy and seek the appointment of a replacement curator. Ms. Creighton failed to fulfill her lawful obligation to see to it that someone with the authority to sue on Darrell’s behalf be legally appointed to that role. She cannot now complain and avail herself of the benefits of the suspension of prescription on the basis that a condition existed, when she was the only individual who had the authority and the legal obligation to prevent that condition from existing, and the condition existed due to her failure to fulfill her statutory obligations.
Under the foregoing set of circumstances, the district court refused to apply the doctrine of contra non valentem to suspend the running of prescription on the causes of action asserted against Evergreen based on the altercation between its employee, Magee, and its resident, Darrell.
The trial court’s findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. London Towne Condominium Homeowner’s Ass’n. v. London Towne Co., 2006-401 (La. 10/17/06), 939 So.2d 1227, 1231. The law is clear that the doctrine of prescription protects defendants from having to defend against stale claims by requiring plaintiffs to file suit in a court of competent jurisdiction and venue in a timely manner. Cichirillo v. Avondale Industries, Inc., 2004-2894 (La. 11/29/05), 917 So.2d 424, 430. As such, this court is Imbound to abide by the dictate that the doctrine of contra non valentem should only apply in exceptional circumstances. Renfroe v. State ex rel. Dept. of Transp. and Development, 2001-1646 (La. 2/26/02), 809 So.2d 947, 953.
The courts created the doctrine of contra non valentem, as an exception to the general rules of prescription. Hillman v. Akins, 93-0613 (La. 1/14/94), 631 So.2d 1, 4. Moreover, it is an equitable doctrine of Roman origin, with roots in both civil and common law, and is notably at odds with the public policy favoring certainty underlying the doctrine of prescription. Carter v. Haygood, 2004-0646 (La. 1/19/05), 892 So.2d 1261, 1268. The principles of equity and justice which form the mainstay of the doctrine, however, demand that under certain circumstances, prescription be suspended because plaintiff was effectually prevented from enforcing his rights for reasons external to his own will. Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant, contra non valentem is applicable. This fourth category of the doctrine, commonly known as the discovery rule, provides that prescription begins to run when a plaintiff has “actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort and the date on which the tortious act actually produces damages.” Bailey v. Khoury, 2004-0620 (La. 1/20/05), 891 So.2d *972 1268, 1284. However, this principle will not exempt the plaintiffs claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned. See Cartwright v. Chrysler Corporation, 255 La. 597, 603, 232 So.2d 285, 287 (1970).
After reviewing the entire record, the parties’ arguments and briefs, and the applicable law, we find no error in the district court’s finding that prescription was not suspended during the time in which there was no curator appointed because the party claiming the benefit of contra non valentón is the party who created, and the only party who could have prevented, the condition of Darrell being without a legally appointed curator. This case does not present exceptional circumstances, and the district court’s decision that contra non valentem is inapplicable is affirmed.
|n After finding contra non valen-tem inapplicable, the district court found that prescription began to run against the claims filed by Ms. Creighton on the date of the hospitalization of Darrell for injuries sustained while he resided at the home. The district court found at that point in time, Ms. Creighton had sufficient notice of facts that may form the basis for a cause of action against Evergreen, and certainly sufficient to incite an investigation into the particular details underlying said cause of action. We note again that Ms. Creighton neither assigned error, argued, nor presented this finding as an issue on appeal; accordingly, that portion of the judgment is affirmed as well.
PENDING MOTION
Defendant, Evergreen, filed a motion for leave to attach three exhibits to its original brief in opposition to the original appellate brief of plaintiff. Inasmuch as those exhibits are contained in the record before us, we deny the motion as moot.
CONCLUSION
For all the foregoing reasons, we find no manifest error in the findings or the judgment rendered by the district court on June 30, 2015. Accordingly, that judgment sustaining Evergreen Presbyterian Ministries, Inc.’s exception of prescription, and dismissing the claims involving the alleged altercation by Evergreen’s employee, Calvin Magee, filed by Laura B. Creighton, on her own behalf and on behalf of Darrell Berrigan, is affirmed. Costs of this appeal are assessed to Laura B. Creighton.
APPEAL MAINTAINED; MOTION DENIED AS MOOT; and, JUDGMENT AFFIRMED.
McDonald, J. agrees in part and dissents in part and assigns reasons

. This court issued a rule to show cause why the appeal should not be dismissed because the judgment appeared to lack appropriate decretal language. Ms. Creighton then filed a motion to supplement the record with an amended judgment, dated January 4, 2016, that cured the deficiencies in the original judgment, rendering it a final, appealable judgment properly disposing of the plaintiff’s negligence claims against the defendant as to actions of its employee, Calvin Magee, Jr. Thus, we maintain the appeal and address the merits.

. Although not raised by either party, at oral argument in this matter, this court entertained discussion regarding the possible applicability of La. C.C. art. 3493.10. After taking a closer look at the allegations of the plaintiff's petition, as well as the pertinent jurisprudence, we find that statute inapplicable. For plaintiff to prevail, she must show her allegations against Evergreen regarding *967 the incident involving Magee fits within the definition of a 'crime of violence’. Although the petition alleges Darrell was “severely beaten,” no additional facts regarding the nature, extent, or severity.of the incident are alleged. Moreover, the allegations contend that as a result of the incident, Darrell sustained relatively minor injuries ("abrasions, scratches, cuts, and bruising”), not indicative of a "criminal” beating. See Boland v. Klein-peter, 2001-3287 (La. 6/21/02), 820 So.2d 489, 493 (where the supreme court overturned the appellate court’s finding La. C.C. art. 3493.10 applicable when a petition alleged a conversion of knives that were involved ' in the ensuing altercation). The supreme court found allegations that defendant took two large knives (dangerous weapons) belonging to the plaintiff and hid them insufficient to allege that the plaintiff's damages were sustained as a result of a "crime of violence” for purposes of falling within the scope of La. C.C. art. 3493.10, In this case, with even fewer allegations or facts, none of which include mention of dangerous weapons, we likewise find insufficient allegations to. warrant the applicability of the two-year prescriptive period.

. Ms. Creighton alleged, in her petition filed on August 20, 2014, that she was Darrell's curatrix. However, we note that the November 19, 2014 order appointing Ms. Creighton as Darrell's curatrix was issued after the filing of the petition. Thus, Ms. Creighton lacked the procedural capacity to file this action on behalf of Darrell. See La. C.C. art. 392 (“[t]he duties and powers of a curator commence upon his qualification”). Nonetheless, the lack of procedural capacity is a dilatory exception pursuant to La. C.C.P. art, 926, which is waived if not pleaded. Evergreen did not plead, and thus, waived the objection.

. In that petition, Ms, Creighton alleged that she also sustained injuries as a result of tire alleged altercation between her brother and Magee to the extent that she suffered mental anguish, past, present, and future suffering, breach of contract and detrimental reliance, and, loss of society and companionship, and claimed Evergreen is liable to her for her injuries. However, she raises no issues or arguments on appeal regarding the dismissal of those claims. Rather in brief, Ms. Creighton concedes that the claims she filed on her own behalf prescribed after the passage of one year from the time the district court found she had sufficient notice of a potential claim arising out of the altercation. Accordingly, that portion of the district court judgment will remain undisturbed.

. Ms. Creighton's petition also alleged other subsequent incidents involving altercations and assaults on Darrell by other residents of the home, that, resulted in additional injuries for which she contends Evergreen also is liable. These alleged incidents occurred in April 2014, May 2014, and July 2014. However, the only claim at issue in this appeal is the claim against Evergreen pursuant to respondeat superior for the alleged acts of its employee, Magee.

. Plaintiff urged prescription also was suspended pursuant to the continuing tort doctrine, however, she did not advance any argument or cite any jurisprudence in support of the continuing tort defense to prescription, either at the district court level or on appeal; accordingly, that position is considered abandoned.

. An order appointing Ms. Creighton curatrix of Darrell, on November 19, 2014, is included in the record.

. Article 684 lists three specific exceptions to that general rule, none of which are applicable herein.