# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 19-622


**JAMES MICHAEL SMITH**

**VERSUS**

**VICK INVESTMENTS, LLC**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2017-3661
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

### ULYSSES GENE THIBODEAUX
### CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John E. Conery, and Van H. Kyzar, Judges.

**AFFIRMED.**


**John L. Van Norman, III**
**John L. Van Norman, IV**
**215 Dr. Michael Debakey Drive**
**Lake Charles, LA 70601**
**Telephone: (337) 436-5787**
**COUNSEL FOR:**
    **Defendant/Appellee – Vick Investments, LLC**

**Larry Edward Pichon**
**330 Alamo Street – Suite G**
**Lake Charles, LA 70601**
**Telephone: (337) 439-3073**
**COUNSEL FOR:**
    **Plaintiff/Appellant – James Michael Smith**

**THIBODEAUX, Chief Judge.**

This case arises from a petition for damages filed by Plaintiff, James Michael Smith (hereinafter "Smith"), against Defendant, Vick Investments, LLC d/b/a Wagin Cajun (hereinafter "Vick Investments"). Smith filed a petition for damages on September 6, 2017, approximately two years following a barroom fistic encounter. The trial court sustained a peremptory exception of prescription in favor of Vick Investments and dismissed Smith's claim. Smith now appeals arguing that the trial court should have applied the two-year prescriptive period under La.Civ.Code art. 3493.10 because a crime of violence occurred. For the following reasons, we affirm the trial court's judgment.

I.

**ISSUES**

We must decide whether the trial court erred in granting Vick Investments' peremptory exception of prescription.

II.

**FACTS AND PROCEDURAL HISTORY**

Smith instituted this legal proceeding on September 6, 2017, against Vick Investments. In his petition, Smith alleges that Vick Investments failed to provide adequate security to ensure its customers' safety. Smith cited an incident that occurred on or about September 7, 2015, when he was attacked by Cody Spears (hereinafter "Spears"), while at a bar called Wagin Cajun, which is owned and operated by Vick Investments. The altercation took place almost two years before

the petition was filed. Vick Investments filed a peremptory exception of prescription arguing that Smith's petition alleged negligence on its face and was prescribed.

At the hearing on the peremptory exception of prescription, Vick Investments argued that Smith's claim had expired before the petition was filed. The trial court granted the peremptory exception of prescription and issued a judgment in favor of Vick Investments, finding that Smith's claim against Vick Investments had prescribed. The trial court then dismissed the proceeding assessing the costs to Smith.

## III.

## STANDARD OF REVIEW

Generally, appellate review of a peremptory exception of prescription, requires an appellate court to determine whether the trial court's finding of fact was manifestly erroneous. *Johnson v. Littleton*, 45,323 (La.App. 2 Cir. 5/19/10), 37 So.3d 542. However, when an exception of prescription involves the interpretation of a statute, which is a question of law, the appellate court must use *de novo* standard of review. *In re Succession of Smith*, 09-969 (La.App. 3 Cir. 2/3/10), 29 So.3d 723. Furthermore, the party raising the defense of prescription bears the burden of proof. *Wells v. Zadeck*, 11-1232 (La. 3/30/12); 89 So.3d 1145. "However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed." *Id. at* 1149.

## IV.

## LAW AND DISCUSSION

Louisiana Civil Code Article 3493.10 states the following:

> Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950 are subject to a liberative prescription of two years. This prescription commences to run from the day injury or damage is sustained.

In this case, Smith states that because an act of violence was committed by Spears on Vick Investments' premises, Article 3493.10 applies, making his claim against Vick Investments subject to a two-year prescriptive period. We disagree.

Louisiana Civil Code Article 3493.10 applies to delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence. Louisiana Revised Statutes 14:2(B) defines "crime of violence" as:

> [1] an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense, or [2] an offense that involves the possession or use of a dangerous weapon.

Here, Smith claims that Vick Investments and Spears are jointly liable for his damages. Spears is not a party to this suit; rather, a separate suit was filed and is still pending in district court. Furthermore, there are two separate tortious acts that Smith claims caused his damages: first, the battery Spears committed against him; and second, Vick Investments' failure to protect its customers and provide proper security lighting and the fact that they continued to serve alcohol to an already intoxicated person. Smith's claims of negligence against Vick Investments are separate from the "act defined as a crime of violence." Smith argues that since the action arises from the same set of facts "it does not make any sense to have separate prescriptive periods." However, we disagree and find that Smith has failed to meet his burden of proof.

In *Boland v. Kleinpeter*, 01-3287 (La. 6/21/02), 820 So.2d 489, the supreme court reasoned that the individual actions of the joint tortfeasors should be considered and not the entire action against both tortfeasors for the application of the two-year prescription of Article 3493.10. Here, we agree and conclude that the trial court correctly sustained Vick Investments' exception of prescription finding that a one-year prescriptive period applied. Although it is evident that the seminal act by Cody Spears precipitated Smith's lawsuit, Vick Investments did not commit a crime of violence against Smith. Indeed, acts of violence have neither been alleged nor proved against Vick Investments. Therefore, we find that the claims of negligence against Vick Investments have prescribed.

V.

## CONCLUSION

We conclude that the trial court ruled properly and the judgment sustaining Vick Investments' exception of prescription was not clearly wrong. Indeed, it was eminently correct. Therefore, we affirm the trial court's judgment. All costs of this appeal are to be assessed to James Michael Smith.

**AFFIRMED.**