STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-521

DARRELL WAYNE GREEN

VERSUS

TYLER R. DAUPHINET, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 138371
HONORABLE KEITH COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

WILBUR L. STILES
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Charles G. Fitzgerald, and Wilbur L. Stiles, Judges.

**REVERSED AND REMANDED.**

**C. Chadwick Boykin**
**Boykin Darville Valdes, LLC**
**11440 Lake Sherwood Ave. N. Suite C**
**Baton Rouge, LA 70816**
**(225) 221-8291**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Darrell Wayne Green**

**Lance C. Unglesby**
**Adrian M. Simm, Jr.**
**James F. Gontarek**
**Unglesby Law Firm**
**112 Founders Drive**
**Baton Rouge, LA 70810**
**(225) 387-0120**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Darrell Wayne Green**

**Ashley J. Greenhouse**
**Haley & Associates**
**8211 Goodwood Blvd., Suite E**
**Baton Rouge, LA 70806**
**(225) 663-8869**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Darrell Wayne Green**

**Wade A. Langlois, III**
**Gino R. Forte**
**John J. Danna, Jr.**
**Gaudry, Ranson, Higgins & Gremillion, LLC**
**401 Whitney Avenue, Suite 500**
**Gretna, LA 70056**
**(504) 362-2466**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**City of Jeanerette**
**Carol Bourgeois, Jr., in his Capacity as Mayor**
**Dusty Vallot, in his Capacity as Chief of Police**

**Curt L. Rome**
**W. Trevor Smith**
**Barry, Rome & Scott**
**612 Gravier Street**
**New Orleans, LA 70130**
**(504) 525-4493**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Tyler R. Dauphinet**

**Corey D. Moll**
**Porteous, Hainkel and Johnson, LLP**
**704 Carondelet Street**
**New Orleans, LA 70130-3774**
**(504) 581-3838**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Bofill "Bo" Duhe, in his Capacity as District Attorney**

**STILES, Judge.**

Plaintiff Darrell Wayne Green appeals the judgment sustaining exceptions of prescription and dismissing his lawsuit for personal injuries sustained during an allegedly unlawful arrest. For the following reasons, we reverse and remand.

**FACTUAL AND PROCEDURAL HISTORY**

The altercation at issue arose when City of Jeanerette law enforcement was called to a party at the Queen Bee Daiquiri Shop on January 1, 2020 following a complaint of overcrowding. Plaintiff maintains that authorities asked patrons to leave the business but that he could not drive from the area due to the presence of emergency vehicles. Plaintiff alleges that, upon inquiring whether any of the emergency vehicles could be moved, Jeanerette City Police Officer Tyler R. Dauphinet ran up to him and "violently pushed Petitioner into a parked vehicle and to the ground, screaming 'don't tell me how to do my fuc**** job[.]'" According to Plaintiff, Officer Dauphinet then got "on top of Petitioner and began to brutally punch Petitioner in his face over and over again as Petitioner" was lying on the ground. Plaintiff asserted that Officer Dauphinet turned Plaintiff to his stomach and sat on his back prior to handcuffing him. Plaintiff was arrested for resisting arrest. He insists that that Officer's Dauphinet's "attack, beating, arrest, and imprisonment of Petitioner was done without legal authority or justification, and thus was unlawful."

Claiming serious bodily injury and damages as a result of the encounter, Plaintiff filed a Petition for Damages on December 30, 2021 alleging that witnesses reported Officer Dauphinet's use of "excessive force against Petitioner" and that an investigation by the Jeanerette Police Department resulted in the termination of the officer's employment. Plaintiff explained that the charge of resisting arrest was dismissed on January 7, 2021.

Plaintiff named Officer Dauphinet as a defendant and advanced causes of action for second degree battery, false imprisonment while armed with a dangerous weapon,

and intentional infliction of emotional distress. Citing the principle of respondeat superior, Plaintiff further named the City of Jeanerette, Carol Bourgeois, Jr., in his capacity as Mayor of Jeanerette, and Dusty Vallot, in his capacity as Chief of the Jeanerette Police Department as defendants (the City Defendants).[1]

Plaintiff alleged in the petition that his causes of action stemmed from a "crime of violence" and thus, the two-year prescriptive period of La.Civ.Code art. 3493.10 is applicable to his claim. Officer Dauphinet and the City Defendants filed exceptions of prescription, arguing that Plaintiff merely speculated that Officer Dauphinet's actions constituted crimes of violence. They maintained that Plaintiff's allegations are better viewed as ones for excessive force to which the one-year prescriptive period of La.Civ.Code art. 3492 is applicable.[2]

Following a hearing, the trial court sustained the exception and dismissed Plaintiff's claims.[3]

Plaintiff appeals, assigning the following as error:

> 1.    The district court erred in its interpretation and application of La. C.C. art. 3493.10, in light of Mr. Green's Petition allegations and the applicable law, to conclude that Mr. Green's claims against Mr. Dauphinet, the City of Jeanerette, Carol Bourgeois, Jr., and Dusty Vallot were not subject to the two-year prescriptive period set forth in La. C.C. art.

---

[1] Plaintiff also advanced a cause of action for malicious prosecution against the City of Jeanerette and the District Attorney for the Sixteenth Judicial District. That claim is beyond the scope of the present appeal.

[2] Louisiana Civil Code Article 3492 provides:

> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.

[3] In ruling, the trial court stated:

> All right, in this matter as it pertains to the Jeanerette Police Department, in its role in vicarious liability, and also Mr. Dauphinet, and the Mayor, the Court agrees with the defense that the one-year limited prescription of 3492 would apply in this particular case based on the history, the allegations, and the citation cited by the defense that lends to this finding. The court finds that these are the delictual actions which are subject to the one-year limited prescription and does not find it the crime of violence under 3493.10 would apply. So, therefore I'm going to grant the exception of prescription.

3493.10, but were rather subject to the one-year prescriptive period set forth in La. C.C. art. 3492, and thus prescribed.

2. The district court erred in sustaining the Peremptory Exceptions of Prescription because it erroneously concluded that Mr. Dauphinet's acts of unlawful conduct committed against Mr. Green, as alleged in the Petition, did not constitute a claim of second-degree battery (*i.e.*, crime of violence) that would be subject to the two-year prescriptive period set forth in La. C.C. art. 3493.10.

3. The district court erred in sustaining the Peremptory Exceptions of Prescription because it erroneously concluded that Mr. Dauphinet's acts of unlawful conduct committed against Mr. Green, as alleged in the Petition, did not constitute a claim for false imprisonment while armed with a dangerous weapon (*i.e.*, crime of violence) that would be subject to the two-year prescriptive period set forth in C.C. art. 3493.10.

4. The district court erred by finding that Mr. Green's intentional infliction of emotional distress claims based on Mr. Dauphinet's crimes of violence committed against Mr. Green, as alleged in the Petition, were not subject to the two-year prescriptive period set forth in La. C.C. art. 3493.10.

## DISCUSSION

*Exception of Prescription*

"Liberative prescription is a mode of barring actions as a result of inaction for a period of time." La.Civ.Code art. 3447. An objection to prescription is raised by a peremptory exception of prescription. *See* La.Code Civ.P. art. 927(A)(1). Typically, the party pleading prescription is tasked with proving that an action has prescribed. *Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502. If prescription is apparent on the face of the pleadings, however, the burden shifts to the plaintiff to show that the matter has not prescribed. *Id.*

The parties in this case did not introduce evidence creating factual issues for the trial court, attaching as exhibits only legislative materials and jurisprudence[4] cited as persuasive. In such cases, a trial court is required to decide the exception, "upon the

---

[4] In particular, we note that the City Defendants attached legislative proceedings related to La.Civ.Code art. 3493.10 and the appellate record from a proceeding before this court in *Edwards v. Lewis*, 22-56 (La.App. 3 Cir. 9/28/22), 348 So.3d 269.

3

facts alleged in the petition with all of the allegations accepted as true." *Lomont v. Bennett*, 14-2483, p. 8 (La. 6/30/15), 172 So.3d 620, 627, *cert. denied*, 577 U.S. 1139, 136 S.Ct. 1167 (2016). Moreover, the court must strictly construe prescriptive statutes against prescription and in favor of maintaining the claim. *See Succession of Lewis*, 22-79 (La. 10/21/22), 351 So.3d 336. Thus, "[o]f the possible constructions, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement should be adopted." *Rando v. Anco Insulations, Inc.*, 08-1163, p. 21 (La. 5/22/09), 16 So.3d 1065, 1083. On appeal, the reviewing court simply assesses whether the trial court was legally correct in its finding. *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.*, 01-61 (La. 12/10/21), 333 So.3d 368.

*Causes of Action*

As from the timeline above, Plaintiff alleged a January 1, 2020 incident but did not file this matter until almost two years later, on December 30, 2021. However, citing allegedly intentional acts by Officer Dauphinet, Plaintiff claimed that he was the victim of "crimes of violence." Plaintiff thus invoked the applicability of the two-year period provided by La.Civ.Code art. 3493.10, which provides:

> Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, except as provided in Article 3496.2, are subject to a liberative prescription of two years. This prescription commences to run from the day injury or damage is sustained.

By their exceptions, Defendants maintained that the one-year prescriptive period of La.Civ.Code art. 3492 is instead controlling.

Accordingly, we consider whether Plaintiff has alleged facts supporting his claims that Officer Dauphinet, and by extension his superiors, committed crimes of violence causing his claimed injuries. On this point, La.R.S. 14:2(B) defines a "crime of violence" as:

> an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its

4

very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon.

The legislature designates certain enumerated offenses, as well as attempts to commit any of them, as "crimes of violence." *See* La.R.S. 14:2(B)(1)-(59). As pertinent here, Plaintiff frames his causes of action in light of two of those enumerated offenses, *i.e.*, La.R.S. 14:2(B)(6) (second degree battery) and La.R.S. 14:2(B)(25) (false imprisonment; offender armed with dangerous weapon). Plaintiff maintains that his third count, that for the tort claim of intentional infliction of emotional distress, is derivative of those enumerated offenses.

Second Degree Battery

As pertinent to Plaintiff's claim of second degree battery, La.R.S. 14:33 provides that a "battery" is the intentional use of force or violence upon the person of another[,]" whereas La.R.S. 14:34.1 indicates that second degree battery requires that "the offender intentionally inflicts serious bodily injury[.]" "'[S]erious bodily injury' means bodily injury which involves unconsciousness; protracted loss of or impairment of the function of a bodily member, organ, or mental faculty; or a substantial risk of death." La.R.S. 14:2(C).

Reference to Plaintiff's petition reveals that he distinctly alleges each of these elements as he claims that Officer Dauphinet singled him out from others in the crowd due to Plaintiff's race, tackled him, slammed him into the pavement, "got on top of the Petitioner and proceeded to viciously and brutally beat Petitioner in the face as he laid helplessly with his back on the ground." Plaintiff alleged that Officer Dauphinet's actions were intentional and caused him serious bodily injury in that he suffered "extreme physical pain, permanent scaring [sic] on Petitioner's face, and protracted loss or impairment of the function of Petitioner's right knee—which will need to be surgically operated on—and Petitioner's neck and back."

5

Although Defendants question whether Officer Dauphinet had an intent to cause serious bodily injury or whether Plaintiff, in fact, suffered bodily injury, Plaintiff's petition adequately alleges both, at least for purposes of review for prescription. With regard to intent, Plaintiff maintains that Officer Dauphinet targeted him due to race and, with regard to bodily injury, alleged that he suffered extreme physical pain, scarring, and loss of function of his knee. Those allegations, if accepted as true, echo La.R.S. 14:34.1 and La.R.S. 14:2(C). Plaintiff's obligation to substantively prove those elements remains for further proceedings.

<u>False Imprisonment; Offender Armed with Dangerous Weapon</u>

Similarly, Plaintiff distinctly advances facts supporting his second cause of action, that for false imprisonment while armed with a dangerous weapon, which "is the unlawful intentional confinement or detention of another while the offender is armed with a dangerous weapon." La.R.S. 14:46.1(A). Plaintiff straightforwardly alleges in his petition that Officer Dauphinet attacked, arrested, detained, and falsely imprisoned him while armed with "a firearm/handgun and taser gun." As with his claim of second degree battery, Plaintiff alleges in the petition that Officer Dauphinet's subsequent arrest and detention of him were unlawful and without probable cause.

Again, mindful that the court is required to accept all facts alleged in the petition as well as all of its allegations as true, we find error in the trial court's conclusion that La.Civ.Code art. 3493.10 is inapplicable to Plaintiff's cause of action. Instead, Plaintiff has clearly alleged sufficient facts to support his claim under La.R.S. 14:46.1(A) and, in turn, to avail himself of the Article's two-year period.

Defendants point out that Plaintiff has not alleged that Officer Dauphinet used his firearm or taser gun in the physical altercation. In doing so, Defendants focus on the definition of "dangerous weapon," citing *Boland v. Kleinpeter*, 01-3287 (La. 6/21/02), 820 So.2d 489. In *Boland*, the supreme court stated that a defendant's mere use of a dangerous weapon does not necessarily mean that the plaintiffs' damages were

sustained as a result of a crime of violence. *Boland* factually differs, however, as the plaintiffs in that case lodged a conversion claim against a defendant who allegedly assisted a friend in hiding knives that the friend earlier stole from the victim of a murder. Attempting to avail themselves of the prescriptive period of La.Civ.Code art. 3493.10, the plaintiffs in *Boland* asserted that "their cause of action originally arose out of a crime spree involving a burglary, the theft of a gun, and a murder." *Id.* at 492. The supreme court rejected that position, finding error in the appellate court's reasoning that "the mere fact that knives were involved do[es] not necessarily mean plaintiffs' damages were sustained as a result of an act defined as a 'crime of violence' for purposes of La.Civ.Code art. 3493.10." *Id.*

Rather, the supreme court noted that La.R.S. 14:2(A)(3) indicates that a "'dangerous weapon'" is an "instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." *Id.* The supreme court explained that the knives were merely hidden in the defendant's home and that, even assuming the defendant committed a crime by her involvement of hiding the knives, "the fact remains that [the defendant] never used the knives in a manner calculated or likely to produce death or great bodily harm." *Id.* Those attenuated circumstances, the supreme court concluded, did not render Article 3493.10 applicable to the plaintiffs' conversion claim. *Id.*

Defendants reliance on *Boland* and its focus on "dangerous weapon" is misplaced in the present case. Given Plaintiff's differing allegations, the correct analysis in this case begins with looking at the definition of "crime of violence." The legislature has defined the term in La.R.S. 14:2(B) and specifically designated which crimes are included within that definition by their nature. As written, a "crime of violence" does not require that a "dangerous weapon" be "used" in the commission of the offense. *See* La.R.S. 14.2(B). Instead, the legislature instructs that a "crime of violence" includes "an offense that involves *the possession* or use of a dangerous weapon." *Id.* (emphasis

7

added). Therefore, there is no requirement that a weapon be used, only that the perpetrator is in possession of the weapon while committing certain offenses. The allegations set forth in plaintiff's petition, if accepted as true, satisfy the statutory definition of a "crime of violence."

Moreover, the plaintiffs in *Boland* did not allege an enumerated crime of violence In contrast, Plaintiff in this case advanced a claim for false imprisonment; offender armed with a dangerous weapon. *See* La.R.S. 14:2(B)(25). That offense merely requires that the offender be *armed* with a dangerous weapon. *See* La.R.S. 14:46.1(A).

To the extent Plaintiff's cause of action may require a factual inquiry regarding the circumstances surrounding the use of the weapons, we find such a determination inappropriate at this stage of the proceedings. We are instead mindful that, if varied constructions of a statute are possible on review of prescription, "the one that maintains enforcement of the claim or action, rather than the one that bars enforcement should be adopted." *Rando*, 16 So.3d at 1083.

Excessive Force

In their appellee briefs, Defendants continue to suggest that Plaintiff merely characterizes his claims as ones involving crimes of violence in order to avail himself of the two-year period of La.Civ.Code art. 3493.10. Their argument ignores the fact that Plaintiff pointedly alleges facts supporting his causes of action, each of which are enumerated crimes of violence.

Defendants further discount Plaintiff's styling of his causes of action and suggest that Plaintiff's claims are better viewed as ones for excessive force. On this point, Defendants note that law enforcement officers effectuating an arrest are permitted to use reasonable force, citing La.Code Crim.P. art. 220, which provides:

> A person shall submit peaceably to a lawful arrest. The person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained.

Article 220 plainly addresses a *lawful* arrest and *reasonable* force. In contrast, Plaintiff alleges an unlawful arrest and further contends that Officer Dauphinet acted violently and brutally. As no evidence was admitted at the hearing, the trial court was required to decide the exceptions upon the facts alleged in the petition and to accept all allegations as true. *Mitchell*, 333 So.3d 368.

Defendants further observe that, even if excessive force is involved in an arrest, jurisprudence indicates that it does not necessarily follow that excessive force equates to a crime of violence for purposes of application of La.Civ.Code art. 3493.10. Certainly that proposition is reflected in jurisprudence cited by Defendants. For example, in *Vallery v. City of Baton Rouge*, 11-1611 (La.App. 1 Cir. 5/3/12) (unpublished opinion) (2012 WL 2877599), *writ denied*, 12-1263 (La. 9/28/12), 98 So.3d 837, the first circuit rejected the plaintiff's contention that he had sufficiently invoked the two-year period of Article 3493.10 and remarked that "the petition must sufficiently allege an act defined as a *crime* of violence" and that "[u]nder the facts alleged in Vallery's petition, [the defendant officer's] acts were undertaken in the context of a police arrest." *Vallery*, 11-1611 (citing La.Code Crim.P. art. 220). This matter is distinguishable, however.

First, the plaintiff in *Vallery* appears to have advanced a cause of action for excessive force, whereas Plaintiff in this case did not. Defendants' argument would require this court to ignore the fact that Plaintiff instead specifically alleged the commission of identifiable, enumerated crimes of violence, *i.e.*, second degree battery and false imprisonment with a dangerous weapon. Plaintiff also alleged facts supporting those claims. Again, we do not inquire into whether Plaintiff will be able to prove those claims on the merits. We instead accept the petition's factual allegations and claims as true as required on consideration of an exception of prescription. *See Campo*, 828 So.2d 502. Additionally, the first circuit panel did not report that the plaintiff in that case alleged an unlawful arrest as did Plaintiff. The panel instead reasoned directly from

La.Code Crim.P. art. 220, explaining that although potentially tortious, an alleged use of excessive force at the time of arrest does not necessarily equate to a crime of violence.

Two other cases cited by Defendants are similarly factually distinguishable. For example, in *Byrd v. Bossier Parish Sheriff*, 54,914 (La.App. 2 Cir. 3/1/23), 357 So.3d 582, the plaintiff in that case did not challenge the legality of his arrest but instead entered a guilty plea to the offense for which he was arrested. Only in the presence of that factual difference did the second circuit panel conclude that the plaintiff's mere assertion that the arresting officers' actions were crimes of violence did not render them as such. In doing so, the panel referenced both *Vallery* and La.Code Crim.P. art. 220. Likewise, in *Edwards v. Lewis*, 22-56 (La.App. 3 Cir. 9/28/22), 348 So.3d 269 a panel of this court rejected the plaintiff's claim that he had been the victim of a crime of violence due to excessive force used during his post-arrest detention. The panel did not report that the plaintiff questioned the legality of either his arrest or his detention but observed that Article 220 permits a person making a lawful arrest to use reasonable force to effect the arrest and detention of the subject. In contrast, Plaintiff in this case has disputed the legality of his arrest, and the state of the evidence presented at the hearing does not permit resolution of that factual issue.

Finally, Defendants refer this court to *Savoy v. St. Landry Par. Council*, No. 08-CV-232, 2009 WL 4571851 (W.D. La. 12/01/09). The federal matter is unhelpful in this instance, however, as the claimant in *Savoy* solely pursued suit under 42 U.S.C. § 1983 alone, not Louisiana tort law. Given that circumstance, the federal district court applied the one-year general prescriptive period of La.Civ.Code art. 3492 despite the claimant's suggestion that he had been a victim of a crime of violence, finding that "Plaintiff has not presented, nor has the Court found, a decision of the Louisiana Supreme Court, the Fifth Circuit, or the United States Supreme Court that would serve as authority for his assertion that his claims against defendants are subject to the two year prescriptive period under Louisiana Civil Code Article 3493.10." *Id.* at 3.

10

Notably, the federal district judge in *Savoy* relied on *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989) in applying La.Civ.Code art. 3492. In *Owens,* the United States Supreme Court explained that since there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, the court is to apply the general personal injury statute of limitations to such claims rather than a longer statute of limitations for intentional tort. The Court observed that the application of a state prescriptive statute applicable only to intentional torts would be inconsistent with the broad scope of § 1983. *Id.* Reference to the state's general or residual statute for personal injury actions permits potential § 1983 claimants to "readily ascertain, with little risk of confusion or unpredictability, the applicable limitations period in advance of filing a § 1983 action." It was only within that context that the court rejected the claimant's contention that Article 3493.10 was inapplicable to his claim. As the present case does not include such a federal claim, *Savoy*'s reasoning is inapplicable.

Legislative Intent

Finally, Defendants suggest that the legislative intent of La.Civ.Code art. 3493.10 anticipates that a claim against a defendant for a crime of violence requires a defendant to have been charged with a qualifying crime.[5] Pointing out that no criminal complaint

---

[5] On this point, the parties both reference a proposed amendment to a 1999 Senate Bill. The City Defendants urged in their memorandum in support of their exception that:

> The Senate floor amendments to Senate Bill 156 during the 1999 Regular Session legislative process to enact La. C.C. art. 3493.10 is telling on this point. Attached as Exhibit "B" is the Senate Floor Amendments proposed by SB 156's sponsor, Senator Lentini, which also proposed enactment of a new Civil Code article, Article 3467.1, dealing with suspension of prescription for victims whose damages arise from acts defined as a crime of violence. The proposed amendment, despite not being enacted or adopted, provides a revealing glimpse into the underlying thought process and purpose of La. C.C. art. 3493.10, by stating that prescription for actions arising under Article 3493.10 would be suspended "until the individual who is the sole and proximate cause of the injury [resulting from a crime of violence] has either been found guilty, acquitted, entered a plea of guilty or nolo contendere, or the action nolle prosequi . . ." Based on this wording, it is clear that the author of SB 156 and the statute under consideration herein contemplated that the defendant in an action for damages sustained by a victim caused by a crime of violence would have, at a minimum, been criminally charged with one of the qualifying crimes as articulated in Chapter 1 of Title 14 of the Revised Statutes.

Officer Dauphinet argued similarly in support of his own exception.

11

or charge was filed against Officer Dauphinet, Defendants contend that the purported legislative intent should be honored. However, "[w]hen the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9; *see also* La.R.S. 1:4. Finding clarity in the wording of Article 3493.10, we decline to adopt the Defendants' suggestion that the defendant was required to have been prosecuted before a plaintiff could demonstrate a crime of violence. That suggestion would read a substantive element into the legislation that is not reflected by the unambiguous wording of the Article.[6]

Intentional Infliction of Emotional Distress

Having determined that Plaintiff's claims for damages related to second degree battery and false imprisonment with a dangerous weapon are governed by La.Civ.Code art. 3493.10, we similarly find the two-year period applicable to Plaintiff's final claim of intentional infliction of emotional distress. Article 3493.10 broadly encompasses "[d]elictual actions which arise due to damages sustained as an act defined as a crime of violence," and is thus applicable to Plaintiff's claim which he plainly advances as derivative of second degree battery and false imprisonment with a dangerous weapon. It is this attendant nature of the claim that distinguishes this matter from *King v. Phelps Dunbar, L.L.P.*, 98-1805 (La. 6/4/99), 743 So.2d 181, which Defendants cite for the proposition that a claim of intentional infliction of emotional distress is governed by La.Civ.Code art. 3492. The plaintiff in *King*, however, advanced a stand-alone cause of

---

[6] Further, the unsuccessful amendment relied upon by Defendants anticipated that a plaintiff's cause of action would be suspended "until the individual who is the sole and proximate cause of the injury has either been found guilty, acquitted, entered a plea of guilty or nolo contendere, or the action nolle prosequi." Article 3493.10 contains no such provision. Defendants do not account for the disparity between the two-year prescriptive period of La.Civ.Code art. 3493.10 and the lengthier periods allowed for institution of the felony prosecutions that they assert are prerequisites for application of the Article. *See* La.Code Crim.P. art. 572.

action for intentional infliction of emotional distress, not one arising from damages allegedly sustained as a result of a crime of violence.

Vicarious Liability

As a final matter, the City Defendants asserted that as "[t]here is no legally cognizable claim against Officer Dauphinet[,]" there can be no corresponding vicarious liability on their part. We have, however, found that Plaintiff's claims were timely filed within the period of La.Civ.Code art. 3493.10 and are thus cognizable. The City Defendants' final argument is therefore meritless.

**DECREE**

For the foregoing reasons, the judgment of the trial court sustaining the Peremptory Exception of Prescription filed on behalf of Defendant/Appellant Tyler R. Dauphinet is reversed. The judgment is further reversed to the extent it sustained the exception of prescription filed on behalf of Defendants/Appellants City of Jeanerette, Carol Bourgeois, Jr., in his official capacity as the Mayor for the City of Jeanerette, and Dusty Vallot, in his official capacity as the Chief of Police for the City of Jeanerette. This matter is remanded to the trial court for further proceedings. Costs of this proceeding in the amount of $3,830.64 are assessed to Defendants/Appellants.

**REVERSED AND REMANDED.**